**EL PASO & S. W. R. CO. et al. v. KEEBLE et ux. (No. 1576.)**

(Court of Civil Appeals of Texas. El Paso. Feb. 21, 1924.)

**1. Appeal and error ⟺499(3)—Evidence considered in absence of bill of exceptions showing objections.**

Evidence which is in the record must be considered on appeal in absence of a bill of exceptions showing objections to the admission thereof.

**2. Evidence ⟺60—Carrier presumed to have complied with law requiring valuation of goods before shipment.**

A carrier will be presumed to have complied with U. S. Comp. St. § 8604a, requiring goods to be valued by shipper before receipt by carrier and to have limited its liability to such valuation before fixing charges.

**3. Carriers ⟺158(1)—Carrier's liability for goods lost limited to amount named in bill of lading.**

In an action against a carrier for the value of household goods in which the liability of carrier had been limited to $10 per hundredweight by the bill of lading in order to secure a reduced rate, the court erred in refusing to limit carrier's liability to the amount named therein, it being sufficient evidence of the value of the goods lost.

Appeal from Taylor County Court; D. G. Hill, Judge.

Action by W. R. Keeble and wife against the El Paso & Southwestern Railroad Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and rendered.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellants.

Ben L. Cox, of Abilene, for appellees.

HARPER, C. J. Mrs. W. R. Keeble, joined by her husband, sued the El Paso & Southwestern Railroad Company and Lancaster and Wallace, receivers of the Texas & Pacific Railway Company, to recover $305.71, being the alleged value of certain household goods plus the freight charges lost or convert-ed by the defendants in transit from Tucson, Ariz. to Abilene, Tex.

Defendants answered by general demurrer and general denial and specially that it was an interstate shipment; that the contract provided "the amount of any loss of damage for which any carrier is liable shall be computed on the basis of the value of the property at the place and time of shipment under this bill of lading, including freight charges if paid," and that the shipper declared the value of the goods to be $10 per hundredweight, and that the freight was 75 pounds.

Submitted to a jury upon special issues as follows:

Question No. 1. What was the value of the goods involved in this suit at destination of shipment at the time of shipment? Answer. $301.75.

Question No. 2. What amount of freight charges were paid, if any, to defendant? Answer. $3.96.

No. 3. At the time of the shipment did plaintiff and defendant mutually agree that the goods involved in this shipment should be valued at $10 per hundredweight? Answer. No.

Upon this verdict the court entered judgment for plaintiff for the full amount sued for. Appealed.

The propositions are that in interstate shipments it is required by section 8604a, U. S. Comp. St., that the goods be valued by the shipper before receiving them and to limit its liability to such valuation, and there being no evidence in the record to justify the answer of the jury to the third question, the court should have ignored such answer and should have rendered judgment for plaintiff in an amount not exceeding $10, plus charges.

The defendant introduced in evidence Uniform Straight Bill of Lading, covering Box Household Goods consigned to W. R. Keeble, Abilene, Tex., weight 75 pounds, and stating:

"The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding $10.00 per cwt. (Signed) Citizens Transfer Co., per Raffel."

On the back thereof was the following:

"Sec. 2 (2). No carrier is bound to transport said property by any particular train or vessel, or in time for any particular market or otherwise than with reasonable dispatch. Every carrier shall have the right in case of physical necessity to forward said property by any carrier or route between the point of shipment and the point of destination. In all cases not prohibited by law, where a lower value than actual value has been represented in writing by the shipper or has been agreed upon in writing as the released value of the property as determined by the classification or tariffs upon which the rate is based, such lower value plus freight charges if paid shall be the maximum amount to be recovered, wheth-

er or not such loss or damages occurs from negligence."

[1] Appellee in his brief says that he objected to the introduction of this bill of lading for several reasons enumerated, but there is no bill of exceptions in the record to confirm this statement, so it is in the record as evidence and must be considered, if of any probative value.

It is urged by counter proposition that there is no evidence to show that either of them had ever agreed to limit the liability to $10 per hundredweight; that, therefore, the jury were justified in finding that there was no such mutual agreement.

[2, 3] The statute (section 8604a) requires a declaration or mutual agreement before fixing the charges, and the presumption is that the law was complied with, and the written bill of lading is sufficient evidence of the value fixed to secure the reduced rate. Amer. Ex. Co. v. U. Horseshoe Co., 244 U. S. 58, 37 Sup. Ct. 595, 61 L. Ed. 990; Ft. Worth & D. Ry. Co. v. Burns (Tex. Civ. App.) 242 S. W. 295.

So it follows that the court erred in refusing peremptory instruction requested by defendant that the jury render its verdict for $13.96.

Reversed and here rendered for appellant for the sum of $13.96.