BENJAMIN ROBIDOUX ET AL., APPELLEES, V. CHICAGO & NORTHWESTERN RAILWAY COMPANY, APPELLANT.

FILED JULY 1, 1925. No. 23180.

1. Commerce: STATE COURTS: LOSS OF INTERSTATE BAGGAGE. In controversies between passengers and common carriers over the loss of interstate baggage, state courts are bound by the acts of congress, the terms of transportation fixed by the published tariffs on file with the interstate commerce commission, the regulations of that body, and the rules and decisions applied in federal tribunals.

2. Carriers: INTERSTATE PASSENGERS: BAGGAGE: NOTICE. Interstate passengers are charged with notice of the rates and liabilities of common carriers of checked baggage as disclosed by published tariffs on file with the interstate commerce commission pursuant to the acts of congress.

3. ———: ———: ———: ALTERNATIVE RATES. Under published tariffs on file with the interstate commerce commission,

interstate passengers have the alternative of two rates for the transportation of 150 pounds of checked baggage; one based on a value of $100 as a carrying liability, without any compensation beyond the price of the passenger's ticket, and the other an additional charge of 10 cents for each increase of $100 in value, or fraction thereof.

4. ———: ———: ———: ———: ESTOPPEL. An interstate passenger who consents to the lower of two alternative rates for the transportation of checked baggage, the rates being based on different values, is, in the event of a loss, estopped from recovering more than the valuation resulting in the lower rate.

5. ———: INTERSTATE BAGGAGE: ISSUANCE OF CHECK. The issuance and acceptance of a passenger's check for interstate baggage are sufficient compliance with that part of the Carmack amendment requiring the carrier to issue a receipt or a bill of lading.

6. ———: LOSS OF BAGGAGE: RECOVERY. Where there is a partial loss of interstate baggage checked on the lower of two alternative rates based on values, the agreed valuation does not fix an arbitrary limit of recovery but a ratio, the proportion being the amount which the real value of the lost articles bears to the actual value of the entire baggage checked.

7. ———: ———: ———. Interstate regulation of rates for the transportation of shipments based on agreed or fixed values under bills of lading and of amounts recoverable from carriers for losses may apply under similar circumstances to checked baggage belonging to interstate passengers.

APPEAL from the district court for Douglas county: ARTHUR C. WAKELEY, JUDGE. *Reversed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,* for appellant.

*Switzler, Ringer, Switzler & Shackelford, contra.*

Heard before ROSE, GOOD and THOMPSON, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

This is an action to recover $111.30 for baggage lost or stolen August 15, 1921, by employees of defendant from a trunk while in transit by rail from Omaha, Nebraska, to Winnetka, Illinois. The trunk had been checked on two full-fare passenger tickets purchased and used by plain-

tiffs. In addition to a general denial, defendant, an interstate carrier of passengers and baggage, pleaded in substance that its liability for the loss, if any, was, in connection with conduct of plaintiffs amounting to an estoppel, limited to $33.24 by valid tariffs filed with the interstate commerce commission pursuant to federal law—the interstate commerce act and the Carmack amendment to the Hepburn act. 34 U. S. St. at Large, ch. 3591, secs. 1, 2, pp. 584, 586. Upon a trial to the district court without a jury, there was a finding in favor of plaintiffs October 20, 1922, for $111.30 and interest computed at $9.16. From a judgment on this finding for $120.46, the sum of principal and interest, defendant has appealed.

Is the judgment excessive? The action grew out of interstate transactions over which the congress of the United States and the interstate commerce commission have exercised control to the exclusion of the states of the Union. In controversies between passengers and common carriers over the loss of interstate baggage, state courts are bound by the acts of congress, the terms of transportation fixed by the published tariffs on file with the interstate commerce commission, the regulations of that body, and the rules and decisions applied in federal tribunals. *Boston & M. R. Co. v. Hooker*, 233 U. S. 97; *Adams Express Co. v. Croninger*, 226 U. S. 491.

The controlling facts are not in dispute. The two plaintiffs purchased from defendant August 15, 1921, and used two full-fare passenger tickets entitling them to transportation from Omaha, Nebraska, to Winnetka, Illinois. Pursuant to federal law under tariffs filed with the interstate commerce commission and regulations of that body, payment for the passenger tickets included, without additional charge, the transportation of baggage not exceeding in value $100 for each passenger, or $200 for both. According to the tariffs this was deemed to be the limit of the carrier's liability for the loss of, or damage to, the checked baggage, in absence of a declaration by the passengers of a greater value. In the latter contingency there

Robidoux v. Chicago & N. W. R. Co.

was an additional charge of 10 cents for each increase of $100, or fraction thereof. While purchasing their tickets and checking their trunk, plaintiffs did not declare the contents to be of a greater value than $100 for each passenger, nor did they pay or tender additional compensation proportioned to an increased risk based on the real value of the baggage checked. The trunk contained property belonging to each of the plaintiffs, the actual value of the whole being $675. The total value of the missing articles was $111.30.

Plaintiffs take the position that defendant, on grounds of public policy, could not in advance by means of contracts or tariffs limit its liability for its own negligence or other wrongdoing to an arbitrary maximum based on a valuation below the real value of the property checked. It is argued that in any event the carrier assumed a liability of $200 for the safe transportation of the trunk, and that consequently plaintiffs are entitled to recover their partial loss of $111.30. On these subjects the views of the courts in different jurisdictions are not harmonious. Some of the reasons for a full recovery, notwithstanding restrictive regulations or agreement, may be summarized as follows: The passenger or shipper did not enter into a binding contract limiting the liability of the carrier or receive a bill of lading containing valid restrictions as to rates based on agreed values. They did not have actual notice of the tariffs filed with the interstate commerce commission. The Carmack amendment required the carrier to issue a receipt or bill of lading for baggage—an unperformed duty. The passenger was obliged to accept the check for the trunk on the terms imposed by the carrier or leave it behind. To sanction a limitation of liability under the circumstances is to permit a carrier to stipulate that it may be fraudulently negligent or safely dishonest, a violation of public policy and an imposition on travelers and shippers. These in substance are some of the reasons given by courts to justify the conclusion that the limitation of liability by tariff regulations or agreements is illegal.

Other courts have taken a different view, reasoning as follows: The carrier is entitled to protection from the fraud and imposition of shippers and passengers who undervalue property for the purpose of procuring the lower of two alternative charges for transportation. In making defenses in actions for losses the carrier is at a disadvantage, the passenger or shipper having a superior knowledge of articles and values. A lower rate based on undervaluation but protecting the shipper or passenger on the basis of full value is unfair and discriminatory. There is a difference between a limitation of liability resulting from a carrier's negligence and an agreed valuation in the event of a loss. Where passengers or shippers consent to charges based on undervaluations they are estopped from recovering actual values. These and other reasons for upholding terms of liability apportioned to agreed or fixed values conforming to federal law are found in judicial opinions.

In interstate transactions relating to charges and values for the purposes of transportation by common carriers, a state court is not now at liberty to take an independent course or to depart from the rulings of the federal courts on those subjects.

While controversies were multiplying with the diversity of judicial decisions, the interstate commerce commission, by means of regulations and published tariffs, under authority from congress, made provision for charges and liabilities apportioned to the risks assumed in bills of lading and in checks for baggage. According to the rulings of federal tribunals, shippers and passengers, alike, are charged with notice of these regulations and tariffs. Plaintiffs had the alternative of two rates for transportation of baggage. Payment for their tickets included compensation for the transportation of 150 pounds of baggage valued at $100—one rate. By declaring a greater value they had the privilege of imposing upon the carrier a greater liability by the payment of additional charges—another rate. A careful annotator reached the following conclusion after reviewing the cases:

Robidoux v. Chicago & N. W. R. Co.

"Under the Carmack amendment to the interstate commerce act, a regulation contained in the published tariffs of a carrier on file with the interstate commerce commission, limiting its liability for baggage to a certain amount unless a greater value is declared by the owner and excess charges paid thereon, is binding upon the passenger in case of loss through the carrier's negligence of baggage being transported in interstate commerce, regardless of the passenger's lack of knowledge of or assent to such regulations, or of the carrier's failure to inquire as to the value of the baggage. *Boston & M.. R. Co. v. Hooker*, 233 U. S. 97, L. R. A. 1915B, 450; *Wright v. Southern P. Co.*, 181 Mo. App. 137; *Ford v. Chicago, R. I. & P. R. Co.*, 123 Minn. 87; *Louisville & N. R. Co. v. Miller*, 156 Ky. 677, 50 L. R. A. n. s. 819; *Harris v. Southern R. Co.*, 100 S. Car. 469; *Missouri, K. & T. R. Co. v. Hailey*, 156 S. W. (Tex. Civ. App.) 1119; *Barstow v. New York, N. H. & H. R. Co.*, 158 App. Div. 665, 143 N. Y. Supp. 983." L. R. A. 1916A, 1275 (*Zettler v. Tonopah & G. R. Co.*, 35 Nev. 381).

The following is a ruling of the supreme court of the United States:

"The shipper who values his goods for the purpose of obtaining the lower of two duly published rates, based on valuation, is estopped from recovering a greater amount than his own valuation." *Missouri, K. & T. R. Co. v. Harriman*, 227 U. S. 657.

It has been held that the issuance and acceptance of a check for baggage are a sufficient compliance with that part of the Carmack amendment requiring the carrier to issue a receipt or bill of lading. *Boston & M. R. Co. v. Hooker*, 233 U. S. 97, 121.

Under the decisions of the supreme court of the United States, there seems to be no escape from the conclusion that plaintiffs are bound by the published tariffs on file with the interstate commerce commission. What, then, is the measure of recovery in the present case? As already stated, the actual value of the baggage checked was $675. For a total loss the liability of defendant was $200. The partial

loss or the value of the missing articles was $111.30. For a partial loss under a bill of lading for an interstate shipment of goods, "the valuation clause fixes not an arbitrary limit of recovery but a ratio," says the supreme court of the United States in *Western Transit Co. v. Leslie & Co.,* 242 U. S. 448. In the present instance the ratio is the proportion which $111.30 bears to $675. On that basis plaintiffs were entitled to $32.98. Estoppel prevents a greater recovery. This method of determining the carrier's liability applies under similar circumstances to a partial loss of baggage checked on a passenger's ticket. *Boston & M. R. Co. v. Hooker,* 233 U. S. 97.

The recovery, therefore, is excessive, and for the purpose of correcting the error the judgment is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Carriers, 10 C. J. secs. 1580, 1582; 12 C. J. secs. 1568, 1582.