PATTON, APPELLEE, *v.* PENNSYLVANIA GREYHOUND LINES, APPELLANT.

(No. 3677—Decided October 25, 1944.)

*Mr. J. A. Dean,* for appellee.
*Mr. W. A. Woodling,* for appellant.
*Mr. John C. Grimm, amicus curiae.*

Doyle, J. The proceeding is one to recover damages for baggage, checked with a common carrier for interstate transportation and subsequently lost.

Olin L. Patton commenced the action in the Municipal Court of Akron, against the Pennsylvania Greyhound Lines, also known as Greyhound Lines, a common carrier by motor vehicle engaged in interstate commerce, and charged the carrier with the loss of his baggage, which had been checked by him in Akron for carriage to Tuscaloosa, Alabama, following the purchase of a ticket for his personal transportation between the two stations.

The Municipal Court awarded damages in the sum of $142. It is the claim of the carrier, in its appeal to this court, that its liability should not exceed $25. The assertion is bottomed upon the following argument:

"* * * under the motor carrier act of 1935, its operations are amenable to interstate commerce commission regulations, and inasmuch as it had on file with the interstate commerce commission a tariff, as required by section 317 of the motor carrier act and in the form required by interstate commerce regulations, in which tariff it is provided that its maximum liability for the carriage of baggage shall be $25, unless excess value is declared and charges paid for such excess value, it is not liable to plaintiff for a greater sum."

Inasmuch as this litigation involves an interstate shipment of baggage with a common carrier by motor vehicle, where the carrier has complied with the federal regulations governing its field of operation, the

rights and liabilities of the carrier are governed by federal laws and decisions. *T. & O. C. Ry. Co.* v. *S. J. Kibler & Bros. Co.*, 97 Ohio St., 262, 119 N. E., 733; *Zang* v. *Railway Express Co.*, 130 Ohio St., 17, 196 N. E., 901.

In this connection it is observed that, in the year 1935, there was added to the interstate commerce act a new chapter which regulates interstate commerce by motor vehicle, and, while most of the federal court decisions under the act deal with the liability of carriers by rail or water, nevertheless, under the comprehensive language of the new chapter, those decisions become authority for cases involving carriage by motor vehicle.

Federal court decisions support the following-quoted text in 13 Corpus Juris Secundum, Carriers, Section 874:

"* * * Limitation of liability of carriers for an interstate passenger's baggage is covered by the Interstate Commerce Act and amendments thereto, and limitation of liability, to some extent at least, by published tariff, is permissible under the Carmack Amendment, 49 U. S. C. A. Section 20 (11), and this rule was not altered by the Cummins Amendment, as amended 49 U. S. C. A. Section 20 (11). * * *" *Boston & Maine Rd. Co.* v. *Hooker*, 233 U. S., 97, 58 L. Ed., 868, 34 S. Ct., 526, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593; *Galveston, H. & S. A. Ry. Co.* v. *Woodbury*, 254 U. S., 357, 65 L. Ed., 301, 41 S. Ct., 114.

A part of Title 49, Section 20 (11), U. S. Code, of the interstate commerce act is in the following language:

"* * * that the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or

representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first, to baggage carried on passenger trains or boats, or trains or boats carrying passengers * * *."

The new "motor carriers" addition to the act is so worded that, under the above provision, there may be a limitation of liability not only of "baggage carried on passenger trains or boats," etc., but also of baggage carried on motor vehicles or busses engaged in interstate commerce.

One of the new provisions, Title 49, Section 319, U. S. Code, is as follows:

"The provisions of section 20 (11) and (12) of this title [49], together with such other provisions of chapter 1 of this title (including penalties) as may be necessary for the enforcement of such provisions, *shall apply with respect to common carriers by motor vehicle* with like force and effect as in the case of those persons to which such provisions are specifically applicable." (Italics ours.)

We therefore conclude that, under certain circumstances, there may be a limitation of baggage liability under the interstate commerce act for baggage carried on motor busses as well as on railroad trains or boats.

And in connection with the facts in this case, we determine that the "certain circumstances" heretofore mentioned have been fully met by (1) the filing with the interstate commerce commission of a tariff covering this and similar shipments, and the approval of the commission of such tariff; (2) the notice to the passenger of such a baggage limitation, printed on his baggage receipt as well as on his passenger ticket; (3) the printed notice on the wall of the station; (4)

the opportunity to pay a larger fare for an increased carrier risk; and (5) the failure of the passenger to declare any value on his baggage.

The principles underlying a limitation of baggage liability are the establishment of base rates upon value, and that the compensation paid should bear a reasonable relation to the risk and responsibility assumed.

It follows that the judgment must be reversed as being contrary to law; and this court, proceeding now to render the judgment which the Municipal Court should have rendered, hereby orders that judgment in the sum of $25 be entered in favor of the appellee (plaintiff below).

Cause remanded for execution.

*Judgment reversed.*

STEVENS, P. J., and WASHBURN, J., concur.