**ROYALTY, Appellee v. SOUTHEASTERN GREYHOUND LINES, INC., Appellant.**

Ohio Appeals, First District, Hamilton County.

No. 6453. Decided January 22, 1945.

Edward C. Benson, Cincinnati, for appellee.

Thomas L. Tallentire & Leonard Garver, Jr., Cincinnati, for appellant.

## OPINION

By ROSS, P. J.

Appeal on questions of law from the Municipal Court of Cincinnati, wherein the Court entered judgment for the plaintiff. Trial was had to the court without a jury. By the action, plaintiff sought to recover from the defendant the value of certain luggage she had checked with it, in connection with her carriage as a passenger from Cincinnati to Macon, Georgia, and which the defendant failed to deliver upon presenting such receipt on baggage check in Macon, Georgia.

The defendant is an interstate common carrier of passengers by motor vehicle and subject to the provisions of the Acts of Congress applicable to such carriers. These acts govern the liability of the Defendant in this action.

In Vol. 49 United States Code Annotated, section 20 (11) of the Interstate Commerce Act, it is provided in part as follows:

"Provided, however, That the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation

or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, first, to baggage carried on passenger trains or boats, or trains or boats carrying passengers;"

Section 319 of such act provides:

"Section 319. Application of section 20 (11) and (12) of this title to common carriers by motor vehicle.

"The provisions of section 20 (11) and (12) of this title, together with such other provisions of chapter 1 of this title (including penalties) as may be necessary for the enforcement of such provisions, shall apply with respect to common carriers by motor vehicle with like force and effect as in the case of those persons to which such provisions are specifically applicable."

The defendant has on file in the office of the Interstate Commerce Commission a copy of its published "Rules and Regulations Tariff, No. 50-B", among which is the following rule affecting the carrying of baggage of passengers upon the various lines engaged in interstate commerce.

"BAGGAGE. Baggage not exceeding 150 pounds in weight or $25.00 in value will be transported free for a passenger upon presentation of one adult passage ticket, and baggage not exceeding 75 pounds in weight or $12.50 in value will be transported free for a child traveling on a half fare ticket, subject to the following conditions:

"Baggage weighing in excess or valued above the free allowance will be charged for in accordance with published tariffs. No single piece of baggage weighing more than 150 pounds or valued at more than $225.00 will be transported.

"Unless a greater sum be declared by the shipper and excess valuation charges be paid therefor according to tariff regulations, the value of baggage weighing 150 pounds or less checked for an adult is agreed not to exceed $25.00 in value and the value of baggage weighing 75 pounds or less checked for a child traveling on a half fare ticket is agreed not to exceed $12.50.

"No single piece of baggage will be handled that in its greatest dimensions exceeds twenty-four (24) inches in height, and twenty-four (24) inches in width or breadth, or over forty-five (45) inches in length.

"Passengers paying charges for excess weight, or valuation will receive an excess baggage check, which must be surrendered to agent with other checks, if any, when baggage is claimed.

"All baggage and other property transported shall carry on the outside and in the inside, the name, and full address of the owner.

"The issuing carriers do not obligate themselves to forward baggage and other property on any specified schedule, but reserve the right to give passengers precedence over baggage and other property and to transport same when the necessary space is available.

"No responsibility or liability will be assumed for unchecked baggage, articles or other property left in stations or buses."

The baggage check in evidence issued by defendant to plaintiff contains upon the reverse side the following language:

"From Cincinnati, Ohio
(Checked at)
NOTICE TO PASSENGER:

"By accepting this baggage check the acceptor agrees that:

"(1) Except as otherwise provided by state regulations and subject to all other conditions of lawfully published tariffs, the issuing company is NOT liable for a greater amount than $25.00 to any one passenger in the event of loss or damage to property covered by this and/or other baggage checks issued to the same passenger; unless greater amount is declared in writing at the time of checking. In which case charges for excess value will be collected, and an excess baggage check will be issued.

"(2) The issuing company will NOT be liable for loss or damage after baggage has been delivered to connecting carrier.

"(3) Passengers are instructed to claim baggage promptly at destination indicated on baggage check to avoid payment of storage charges.

"THIS CHECK MUST BE SURRENDERED IN ORDER TO OBTAIN BAGGAGE."

From the evidence it appears that plaintiff entered the Cincinnati bus terminal of the defendant's lines, gave two suitcases to a "red Cap" porter, who took the luggage to a baggage window, checked it, received the baggage check and gave it to the plaintiff, who then took passage to Macon, Georgia, upon a bus operated by defendant. Upon her arrival, she sought to secure her luggage upon presenting the

baggage check, but the luggage could not be found and has never been found. The defendant tendered plaintiff $25.00 as the limit of its liability under the terms printed upon the baggage check, and in its published tariff rules, and under the acts of Congress noted. The plaintiff claimed the full value of the suit cases and their contents, which she estimated to be $160.00. The defendant tendered the $25.00 in open court and the same was again refused.

The trial court refused to consider the limitation upon liability, and entered judgment in favor of plaintiff for the full amount claimed.

In this, the court committed error. The limitation claimed by the defendant was authorized under the law noted. It was the duty of the plaintiff to declare the value of her luggage if she expected to recover any amount in excess of $25.00, in the event of its loss by defendant. Her failure so to do limits the defendant's liability to $25.00.

In the opinion of Doyle, J., in **Patton v. Pennsylvania Greyhound Lines**, Court of Appeals, Ninth Judicial District, decided October 15, 1944, **75 Oh Ap 100**, almost identical facts are considered. The conclusion of that court is entirely consistent with the conclusions reached by this court in this appeal. See, also: Hartzberg v New York Central R. Co., 41 N. Y. S. (2) 345.

The judgment of the trial court is modified, and the judgment which the trial court should have rendered, to-wit: for $25.00 in favor of the plaintiff, is rendered in this Court.

ROSS, P. J., HILDEBRANT and MATTHEWS, JJ., concur in the syllabi & opinion.