30822. ARGO *v.* SOUTHEASTERN GREYHOUND LINES INC.

310

Decided April 6, 1945.

*C. H. Dalton,* for plaintiff.   *D. W. Mitchell,* for defendant.

Sutton, P. J.   Mrs. A. V. Argo sued Southeastern Greyhound Lines Inc. in a justice's court in Whitfield County, Georgia, for $192, the alleged value of a Gladstone bag and contents, which was lost in transit from Miami, Florida, to Dalton, Georgia.   The defendant filed an answer in which it admitted the loss of the baggage, but set up that the transaction involved was an interstate transaction and that the liability for the loss of the baggage is controlled and limited by the rules and regulations of the Interstate Commerce Commission under which the defendant's liability is limited to $25, and said amount was tendered into court by the defendant.   The evidence showed that the plaintiff, on April 5, 1944, purchased from Florida Motor Lines a bus ticket from Miami, Florida, to Dalton, Georgia, and, at the request of the bus company, had her bag checked on her ticket from Miami, Florida, via Macon and Atlanta, Georgia, to Dalton, Georgia; but that she did not declare any value on it.   The plaintiff testified that she had not seen her bag since she checked it in Miami and that its value, including contents, was $192.   She introduced the claim check in evidence, which, in part is as follows:   "Notice to pas-

senger: By accepting this baggage check the acceptor agrees that: (1) Except as otherwise provided by State regulations, and subject to all other conditions of lawfully published tariffs, the issuing company is not liable for a greater amount than $25 to any one passenger in the event of loss or damage to property covered by this and/or other baggage checks issued to the same passenger, unless a greater amount is declared in writing at the time of checking, in which case charges for excess value will be collected and an excess baggage check will be issued." The defendant introduced the following documentary evidence: (1) The certificate of the secretary of the Interstate Commerce Commission showing that Southeastern Greyhound Lines Inc. had filed with the Interstate Commerce Commission tariff regulations covering the transportation of baggage. (2) Section 1 of the tariff showing the power of attorney of National Bus Traffic Association Inc., as agent for Southeastern Greyhound Lines Inc. (3) Section 1. Application of tariff. (4) Section 2. Rules and regulations. Rules Nos. 1, 2, 3, 4, 5, and 6, and sections C, D, and E of rule No. 7; and section A of rule No. 8; rule No. 9; and section E of rule No. 12; all of which were attached to the petition and marked Exhibit D. It was admitted that the plaintiff did not declare any value on her baggage and did not pay anything for its transportation. It was also admitted that the defendant tendered into court $25, which it claimed to be the limit of its liability. The transportation was over Florida Motor Lines from Miami to Jacksonville and over Southeastern Greyhound Lines Inc. from Jacksonville to Dalton.

■ Under the facts of this case, which involves the loss of baggage in interstate transportation, the rights and liabilities of the parties are controlled by the provisions of the interstate commerce act with reference to motor carriers and the tariff schedule of rates and regulations filed by the defendant with the Interstate Commerce Commission as authorized by said act. 49 U. S. C. A., § 302, provides, in part: " (a) The provisions of this chapter apply to the transportation of passengers or property by motor carriers engaged in interstate or foreign commerce . . and the regulation of such transportation . . is hereby vested in the Interstate Commerce Commission;" § 316 (a) is in part as follows: "It shall be the duty of every common carrier of passen-

gers by motor vehicle . . to establish, observe, and enforce just and reasonable individual and joint rates, fares and charges, and just and reasonable regulations and practices relating thereto, and to the issuance, form, and substance of tickets, the carrying of personal, sample, and excess baggage, the facilities for transportation, and all other matters related to or connected with the transportation of passengers in interstate or foreign commerce;" § 317 (a) provides: "Every common carrier by motor vehicle shall file with the commission . . tariffs showing all the rates, fares, and charges for transportation, and all services in connection therewith, of passengers or property in interstate or foreign commerce;" and § 317 (b) provides: "No common carrier by motor vehicle shall charge or demand or collect or receive a greater or less or different compensation for transportation or for any service in connection therewith between points enumerated in such tariff than the rates, fares, and charges specified in the tariffs in effect at the time."

The evidence shows that the defendant bus company had filed with the Interstate Commerce Commission in Washington, D. C., and also with the State commissions of Georgia and Florida a tariff schedule of its rates and regulations with reference to the transportation of baggage, etc., for interstate passengers, as provided for by the interstate commerce act of 1935, applicable to motor carriers. Rules 1, 2, 3, and 4 of the tariff schedule are in regard to the checking, forwarding, and delivery of baggage. Rules 5 and 6 set forth articles that may be checked, and rule 7 specifies limitations as to the weight, size, and value of articles that may not be checked. Rule 8 is as follows: "(a) Except as noted below and subject to limitations shown in rules 5, 6, and 7, one hundred and fifty (150) pounds of baggage or property not exceeding twenty-five ($25.00) dollars in value may be checked without additional charge for each adult passenger, and seventy-five (75) pounds, not exceeding twelve and 50/100 ($12.50) dollars in value, for each child traveling on a half-fare ticket." Rule 9 provides: "Baggage or property which may be transported in regular baggage service, exceeding the free weight or value allowance as stated in rule 8 will be charged for as excess baggage as follows: (c) Excess value: Unless a greater value is declared by a passenger and charges paid for excess value at time of delivery to car-

rier, the value of property belonging to, or checked for a passenger, shall be deemed and agreed to be not in excess of the amounts specified in rule 8, and carriers parties to this tariff will not accept liability for a greater sum in case of loss or damage. (d) If passenger declares, according to the form prescribed by checking carrier, a greater value than specified in rule No. 8 there will be a charge, at the rate of ten cents (10c) for each additional one hundred dollars ($100) valuation, or fraction thereof, total valuation not to exceed limitations in rule No. 7. (See exception 1.) The minimum charge for excess value will be ten cents (10c). (e) Charges for excess value must be prepaid and are separate and distinct from the charges for excess weight."

The tariff rates and regulations, filed by the defendant bus company with the Interstate Commerce Commission, provided for limitation of liability of the defendant to $25 for the loss of baggage, unless the passenger declared a greater value and paid an excess baggage charge of ten cents for each additional $100 or fraction thereof, at the time of the delivery of the baggage to the carrier. The interstate commerce act of 1935 is applicable to motor carriers such as the defendant, and the tariff rates and regulations introduced in evidence are authorized by that act and, under the facts, are binding on the parties herein as to the limitation of the amount that can be recovered for the baggage lost in interstate transportation.

■ The plaintiff in checking her baggage on a full-fare ticket from Miami, Florida, to Dalton, Georgia, did not declare any value thereon, and did not pay any extra charge therefor over and above the price of her ticket, and therefore she can not recover an amount in excess of $25 for the loss of her baggage in interstate transportation. The principle of law in this respect which is settled as to common carriers in interstate commerce by rail is applicable to such carriers by motor vehicle since the interstate commerce act of 1935, applicable to motor carriers, became effective. For cases upholding the limitation of liability of a carrier by rail for loss of baggage in interstate transportation, see Illinois Central R. Co. v. Fontaine, 217 Ky. 211 (289 S. W. 263, 52 A. L. R. 1064); Atchison, Topeka &c. R. Co. v. Robinson, 233 U. S. 173 (34 Sup. Ct. 556, 58 L. ed. 901); Boston & Maine Railroad v. Hooker, 233 U. S. 97 (34 Sup. Ct. 526, 58 L. ed. 868, L. R. A. 1915B,

450). The United States Supreme Court in the Hooker case dealt with this subject at length, and one of the principles there ruled is to the effect that, a regulation contained in the published tariffs of an interstate carrier by rail on file with the Interstate Commerce Commission, limiting its baggage liability to a certain amount, unless a greater value is declared by the owner and the excess charges paid, is binding upon the passenger in case of loss of the baggage through the carrier's negligence, regardless of the passenger's lack of knowledge or assent to such regulation.

■ *Myers* v. *Atlantic Greyhound Lines*, 52 *Ga. App.* 698 (184 S. E. 414), is not applicable to the present case. At the time the baggage involved in that case was lost, the interstate commerce act did not apply to interstate commerce by motor vehicles, and the *Myers* case was decided under the rules and regulations of the Georgia Public Service Commission with respect to the loss of baggage in transportation by a motor common carrier. It was stated by this court in the *Myers* case that: "In determining the applicability of the Georgia law, it is material to note first, that at the time the alleged loss in this case was sustained, the interstate commerce act did not cover transportation by motor vehicles, though a motor-vehicle law has been passed by Congress since that time."

■ Under the facts of this case and the law applicable thereto a verdict for the plaintiff for $25 was demanded and the judge of the superior court did not err in sustaining the certiorari. Accordingly, direction is hereby given to the trial court to enter a judgment for the plaintiff against the defendant for $25 for the loss of the baggage involved.

*Judgment affirmed, with direction.    Felton and Parker, JJ., concur.*