## GULF, COLORADO & SANTA FE RY. CO. v. McCANDLESS.

### No. 2521.

Court of Civil Appeals of Texas. Eastland.
Oct. 12, 1945.

Rehearing Denied Nov. 16, 1945.

Woodruff & Holloway, of Brownwood, for appellant.

E. J. Miller, of Brownwood, for appellee.

LONG, Justice.

Appellee, Bruce A. McCandless, sued the appellant, Gulf, Colorado & Santa Fe Railway Company, for the sum of $438, the alleged value of the contents of a box of household goods shipped from Fayetteville, North Carolina, consigned to plaintiff at Brownwood, Texas, which was never delivered. The parties will be referred to herein as they were in the trial court. Upon a trial before the court, without the aid of a jury, judgment was entered in favor of plaintiff against defendant for the sum of $350, to which defendant excepted and duly perfected its appeal to this court.

The evidence discloses plaintiff and his wife in the early part of 1943 lived at Fayetteville, North Carolina; that the plaintiff was transferred from that place to Brownwood, Texas, and stored his household effects with the Victory Storage and Trucking Company at Fayetteville, North Carolina; that thereafter, on March 24, 1943, the plaintiff wired the Victory Storage and Trucking Company to ship to him at Brown-

wood, Texas, freight collect, certain of said household furniture. Pursuant to receiving said telegram the Victory Storage and Trucking Company delivered said household furniture to the Atlantic Coast Line Railroad Company, the initial carrier. At the time of the delivery a uniform bill of lading was properly issued and signed by the agent of said initial carrier and by the storage company. A portion of said uniform bill of lading is as follows:

| "No. Packages | Description of Articles, Special Marks and Exceptions | Weight (Subject to Correction) | Class or Rate | Check Column |
|---|---|---|---|---|
| 2 | Crates Furniture | 592 | | |
| 2 | Box HH effects | 368 | | |
| 2 | Bbls HH effects | 190 | | |
| | | R 1150 | | |

Frt guaranteed by
Victory Stg & Trucking
(Rel Value 10¢ per lb)"

One of the boxes of household effects described above was never delivered to plaintiff, the loss of which is the basis for this suit.

Defendant contended in the trial court and contends here that this was an interstate shipment, subject to the tariffs and the rules and regulations prescribed by the Interstate Commerce Commission which had authorized the establishment of rates upon household goods based upon a value, and that the shipper had paid a freight rate according to the value which he or his agent placed in writing upon the household goods at the time of shipment, and that he could not recover more than the agreed value. We believe such contention must be sustained. The law is well settled upon this question. Under the record before us it appears that the initial carrier had on file schedules promulgated by the Interstate Commerce Commission, and that under such rules the carrier would not accept household goods if the consignor thereof declined to release each article in the shipment to a value not exceeding $5 per pound. Further, that under said schedule the shipper was given a choice of rates. In other words, if he placed a higher value upon such household goods he would be compelled to pay a higher rate, or, if he placed a lower value thereon, he would pay a lower rate. The

bill of lading issued by the initial carrier, together with the schedules on file, constituted the contract in this case. It is not necessary under the law that a shipper be told he has a choice of rates at the time he offers the goods for shipment and signs the contract. He is presumed to know the provisions as set out in the schedule on file. Texas & Pacific Railway Co. v. Mugg & Dryden, 202 U.S. 242, 26 S.Ct. 628, 50 L.Ed. 1011; Chicago & Alton Railroad v. Kirby, 225 U.S. 155, 32 S.Ct. 648, 56 L.Ed. 1033, Ann.Cas.1914A, 501. The initial carrier in this case could not have accepted the goods for shipment unless the consignor had placed a value upon the same. That portion of the bill of lading reading, "Frt guaranteed by Victory Stg & Trucking (Rel Value 10¢ per lb)" was written into the body of the contract with a pencil in a conspicuous place. A copy of the contract was delivered to the Storage Company at the time the shipment was made and was thereafter mailed to the wife of the plaintiff. Construing this contract in connection with the schedules on file, we are constrained to hold that the storage company, acting as agent for plaintiff, agreed with the initial carrier that the value of the household goods involved was 10¢ per pound. The carrier based the freight rate upon such agreed value. Where a shipper has a choice of rates and agrees with the carrier at the time of shipment as to the value of the goods shipped and the carrier bases the rate charged on the agreed value and the goods are lost in transit, the shipper cannot recover more than the value agreed upon. 49 U.S.C.A. § 20(11) (authorities cited thereunder); Kansas City Southern Ry. Co. v. Carl, 227 U.S. 639, 33 S.Ct. 391, 57 L.Ed. 683; El Paso & S. W. R. Co. v. Keeble, Tex.Civ.App., 258 S.W. 859.

■■ Plaintiff filed a sworn pleading in which he denied that the storage company had any authority to agree with the carrier upon the value of the goods shipped. We cannot agree with this contention. A person who has authority to ship goods for another has the implied authority to make the contract for shipment involving a limitation of the carrier's liability. 13 C.J.S., Carriers, § 92 (cases collated therein); W. A. Ryan & Co. v. Missouri K. & T. R. Co., 65 Tex. 13, 57 Am.Rep. 589; 8 Tex.Jur. sec. 62. The effect of the sworn denial as filed by the plaintiff was to place the burden of proof upon defendant to establish the execution of the bill of lading contract and the authority of the storage company to execute the same. This burden was discharged by defendant. Proof was made that the agent of the storage company signed the contract in the usual course of business. The telegram introduced instructing the storage company to ship said goods was sufficient to show its authority to execute the same.

■ Plaintiff is entitled to a judgment in this case under the record for the value of the box of household goods that was not delivered at 10¢ per pound, together with the amount of freight paid thereon. As will be seen, the two boxes of household effects as set out in the bill of lading weighed 368 pounds. These boxes were never weighed separately, and from the evidence we are unable to determine the weight of the box lost. If we could determine such weight, we would be in a position to render what we deem to be a proper judgment in this case. Not being able to do so, it is our duty, as we understand the law after a careful consideration thereof, to reverse and remand this cause for further proceedings not inconsistent with this opinion. Reversed and remanded.