37 So.2d 137

**KELLETT v. ALAGA COACH LINES, Inc.**

**4 Div. 61.**

Court of Appeals of Alabama.

Oct. 5, 1948.

T. E. Buntin, of Dothan, for appellees.

Oscar L. Tompkins and J. Robert Ramsey, both of Dothan, for appellant.

154

Hill, Hill, Stovall & Carter, of Montgomery, for Alabama Bus Ass'n., amicus curiae.

CARR, Judge.

The plaintiff below sued the defendant for $1000 as full value for a lost trunk and its contents. The baggage had been checked by her with the defendant in connection with and incident to her interstate journey by passenger bus.

The carrier countered to the complaint by pleading its tariff schedule which was on file with and approved by the Interstate Commerce Commission. There was also included a plea· which sets out the terms of the duplicate check which the carrier gave the passenger and which stipulates the limited liability provided in the tariff.

To these pleas the plaintiff filed replications which in effect reply that the carrier failed in the legal requirement to give her a choice of rates so that she could declare full coverage on her baggage.

The court sustained demurrers to the replications, and thereupon the plaintiff took "a non-suit with bill of exceptions."

On this appeal we are called upon to review only the rulings of the lower court which superinduced or occasioned the taking ·of the non-suit. Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So,2d 461.

The tariff in question in part.stipulates:
"Rule No. 7 * * *

"(e).Value limitations:

"Property for one passenger declared to exceed two hundred and twenty-five ($225.00) dollars in value for one or more pieces will not be accepted. Nor will any single piece of baggage be accepted for checking and transportation that is valued at more than two hundred twenty-five ($225.00) dollars, regardless of the number of tickets presented for checking."

"Rule No. 8. Free Baggage Allowance:

"(a) Except as noted below and subject to limitations shown in Rules 5, 6 and 7, one hundred fifty (150) pounds of baggage or property not exceeding Twenty-Five Dollars ($25.00) in value, may be checked without additional charge for each adult passenger and seventy-five (75) pounds,. not exceeding Twelve and 50/100 ($12.50) dollars in value, for each child traveling on a half fare ticket."

"Rule 9. Charges for baggage of excess weight and/or excess value:

"Rates and charges shown herein are payable in lawful United States Money.

"Baggage or property which may be transported in regular baggage service, exceeding the free weight or value allowance as stated in Rule 8 will be charged. for as excess baggage as follows: * * *

"(c) Excess value: Unless a greater value is declared · by a passenger and charges paid for excess value at time of delivery to carrier the value of property belonging to, or checked for a passenger, shall be deemed and agreed to be not in excess of the amounts specified in Rule 8, and carriers parties to this tariff will not accept liability for a greater sum in case of loss or damage.

"(d) If passenger declares, according to the form prescribed by checking carrier, a greater value than specified in Rule No. 8, there will be a charge, at the rate of (10¢) Ten Cents for each additional .one hundred dollars ($100.00) valuation, or fraction thereof, total valuation not to exceed limitations in Rule 7."

"Rule 12. * * *

"(e) Carriers parties to this tariff will Not accept a greater liability than two hundred and twenty-five ($225.00) dollars on any single piece of baggage or property, or a greater value than two hundred and twenty-five ($225.00) dollars for each full fare ticket or one hundred twelve and 50/100 ($112.50) dollars for each half fare ticket regardless of the number of pieces of baggage, and in no event shall the lia-

bility exceed the actual value of the property at the time of checking. (Subject to provisions of Rules 8 and 9)."

Our review here is governed by the Federal Law. Grant v. American Ry. Ex. Co., 126 Me. 489, 139 A. 784; Sayles v. Interstate Busses Corp., 187 Misc. 286, 66 N.Y.S.2d 377; Boston & Maine R. Co. v. Hooker, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868, L.R.A.1915B, 450, Ann.Cas.1915 D, 593.

Limitations of liabilities of common carriers for the loss or damage to baggage of interstate passengers come under the provisions and terms of the Carmack Amendment. 49 U.S.C.A. § 20(11).

By the 1935 addition or amendment to the above act Congress assumed control of the transportation of passengers or property by motor carriers engaged in interstate commerce. Part II, 49 U.S.C.A. § 301 et seq.

Section 317(a) of the amended act provides: "Every common carrier by motor vehicle shall file with the Commission, and print, and keep open to public inspection, tariffs showing all the rates, fares, and charges for transportation, and all services in connection therewith, of passengers or property in interstate or foreign commerce * * *"

The authorities have applied this section to sustain limitations of liability on the part of common carriers in cases where passengers' baggage was involved. The inclusion of baggage carriage is considered an essential and necessary part of the transportation of passengers, and the regulations which determine and fix the rate of passage fare takes into account the responsibility assumed by the carrier and the value of service rendered to the passenger.

When lawfully established the tariff forms a part of the contract of travel. It has the effect of law and its provisions are binding upon both the passenger and the carrier. Pennsylvania Greyhound Lines, Inc., v. Wells, D.C. Mun. App., 41 A.2d 837; Galveston, H. & S. A. Ry. Co. v. Woodbury et al., 254 U.S. 357, 41 S.Ct. 114, 65 L.Ed. 301.

It is well settled also that it is not essential to the applicability of the tariff limitations that the passenger be informed that a choice of rates is available, the presumption being that he knew the provisions of such schedule. Gulf, C. & Santa Fe Ry. Co. v. McCandless, Tex.Civ.App., 190 S.W.2d 185; Birmingham Terminal Co. v. Wilson, 249 Ala. 397, 31 So.2d 563, 565.

Appellant contends that a decision favorable to her must be accorded because of the holding in the recent case of Birmingham Terminal Co. v. Wilson, supra. Emphasis is placed upon these excerpts from the opinion:

"But section 20(11), supra, now gives validity to such a regulation when a choice of rates is given and contained in a published tariff on file with the Interstate Commerce Commission, even though the passenger has no knowledge of it."

"Plaintiff was allowed to recover the full value of her hand baggage because the published regulation limited the liability to $25, *'with no opportunity to secure better protection from loss or damage.' The opportunity to choose between rates on the basis of values tied to them is the controlling factor in determining the validity of the regulation."*

An examination of the opinion in the Wilson case, supra, will show that the tariff there before the court is in general terms very similar to the tariff in the case at bar. The limitation of maximum valuation seems to be more in the former tariff.

If we should follow the force and insistence of appellant's argument, we would be compelled to conclude that our Supreme Court would have reached a conclusion favorable to the passenger in the Wilson case if the value of his baggage had exceeded $500.00 and he had so claimed in his suit. The opinion in its entirety does not warrant such an interpretation.

It appears to us that "choice of rates" and "the opportunity to choose between rates on the basis of values tied to them * * *", used in the opinion in the Wilson case, mean and contemplate that the tariff must provide a privilege to the pas-

senger to secure valuation coverage on transported baggage by paying, if required, extra charges for such protection.

This seems, in effect, to have been the view of the court in Kirchoff v. Southern Pacific Co., D.C., 68 F.Supp. 877, 880. It is there pointed out that the tariff involved in Franklin v. Southern Pacific Co., 203 Cal. 680, 265 P. 936, 59 A.L.R. 118, did not contain the provision for "choice of rates" and on this account was declared invalid. With this deficiency supplied in the tariff under review in the Kirchoff case, the court upheld the validity and applicability of the schedule.

In the instant case, as in the Wilson case [249 Ala. 397, 31 So.2d 565], the tariff gives the passenger a "choice of rates." It is true, of course, that the schedule fixes an amount of valuation beyond which the baggage will not be transported.

█ If the contention of appellant is intended to take the position that the limitation of $225.00 is an unreasonable stipulation, then we are confronted with a long line of authorities which hold that the Interstate Commerce Commission has primary jurisdiction to determine this question. Boston & Maine R. Co. v. Hooker, supra; Texas & Pacific R. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, 9 Ann.Cas. 1075; Mitchell Coal & Coke Co. v. Pennsylvania R. Co., 230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472; Director General of Railroads et al. v. Viscose Co., 245 U.S. 498, 41 S.Ct. 151, 65 L.Ed. 372; Adler v. Chicago & Southern Air Lines, D.C., 41 F.Supp. 366.

█ It is not amiss to here observe that the courts have on numerous occasions held that limitations in tariffs as to weight, value, etc. beyond which the property would not be transported are authorized under the law. Some of these cases are: Birmingham Terminal Co. v. Wilson, supra; Hecker Products Corp. v. Transamerican Freight Lines, 296 Mich. 381, 296 N.W. 297; Jacobson v. Pennsylvania R. Co., D.C. Mun.App., 54 A.2d 575; Royalty v. Southeastern Greyhound Lines, 75 Ohio App. 322, 62 N.E.2d 200; Argo v. Southeastern Greyhound Lines, 72 Ga.App. 309, 33 S.E.2d 730; Campbell v. Tri-State

Transit Co., 196 Miss. 367, 17 So.2d 327; Gulf, C. & Santa Fe Ry. Co. v. McCandless, supra.

The striking similarity between the tariffs involved in some of the above cases leads to the surmise that the motor carriers have adopted a general standard or uniform schedule for their published tariffs. The tariff in the case at bar seems to partake largely of this uniformity.

█ Our extensive examination of the many authorities brings us to the inescapable conclusion that the question of instant concern has been settled and determined contrary to the contention of the appellant.

The general rule is stated in 13 C.J.S., Carriers, § 877, p. 1706: "Under the Interstate Commerce Act as amended carriers must include in the schedule of rates filed regulations affecting passenger's baggage and the limitations of liability; and where a regulation limiting liability is so filed it is binding on the carrier and on the passenger, even though the passenger has no knowledge thereof; and this rule applies, in respect of a limitation based on the value of the baggage, even though the carrier does not inquire as to value. The effect of permitting the carrier to file regulations as to the passenger's baggage which limit its liability except on payment of specified rates, is not to change the common-law rule that the carrier is an insurer of the safety of baggage against accidents not the act of God or the public enemy or the fault of the passenger, but the effect of such filing is to permit the carrier by such a regulation to obtain commensurate compensation for the responsibility assumed."

See also, 10 Am.Jur., Carriers, Secs. 1760 and 1761, pp. 458, 459.

Among the earlier cases is Boston & Maine R. Co. v. Hooker, supra [233 U.S. 97, 34 S.Ct. 529]. This case arose before the advent of passenger and freight transportation by motor bus and prior to the 1935 amendment to which reference has been made herein. The interstate passenger filed suit to recover the amount of full value for her baggage. This claim

was accorded her in the lower court. The Supreme Court of the United States did not sustain this judgment.

The tariff in question provided in part: "For excess value the rate will be one-half of the current excess baggage rate per one hundred pounds for each one hundred dollars, or fraction thereof, of increased value declared. The minimum charge for excess value will be 15 cents. Baggage liability is limited to personal baggage not to exceed one hundred dollars in value for a passenger presenting a full ticket and fifty dollars in value for a half ticket, unless a greater value is declared and stipulated by the owner and excess charges thereon paid at time of taking the baggage."

We excerpt some pertinent parts from the opinion:

"It follows, therefore, from the previous decisions in this court, that if it be found that the limitation of liability for baggage is required to be filed in the carrier's tariffs, the plaintiff was bound by such limitation. Having the notice which follows from the filed and published regulations, as required by the statute and the order of the Interstate Commerce Commission, she might have declared the value of her luggage, paid the excess tariff rate, and thus secured the liability of the carrier to the full amount of the value of her baggage, or she might, for the purpose of transportation, have valued it at $100, and received free transportation and liability to that extent only, or, as she did, she might have made no valuation of her baggage, in which event the rate and the corresponding liability would have automatically attached."

"We are therefore of the opinion that the requirement published concerning the amount of the liability of the defendant, based upon additional payment where baggage was declared to exceed $100 in value, was determinative of the rate to be charged, and did affect the service to be rendered to the passenger, as it fixed the price to be paid for the service rendered in the particular case, and was, therefore, a regulation within the meaning of the statute."

We would extend this opinion to undue length if we should attempt to set out the effect of the holdings in numerous other cases that have followed in the wake of judicial decisions of the matter of present concern. In fact, to do so would, in the main be reiterating the principles and doctrines announced in the Hooker case, supra. It appears that the Hooker case has become the leading authority on the question. At least, we find it cited in a vast majority of the cases that have been decided subsequently to its rendition.

In addition to the authorities noted herein we include: Robidoux v. Chicago & N. W. Ry. Co., 113 Neb. 682, 204 N.W. 870, 41 A.L.R. 449; New York Central & Hudson River R. Co. v. Beaham, 242 U. S. 148, 37 S.Ct. 43, 61 L.Ed. 210; Patton v. Pennsylvania Greyhound Lines, 75 Ohio App. 100, 60 N.E.2d 945; Peninsula Transit Corp. v. Jacoby, 181 Va. 697, 26 S.E.2d 97.

Counsel representing the parties to this cause have furnished us comprehensive and well prepared briefs. We acknowledge the assistance they have afforded in the preparation of this opinion.

The judgment of the court below is ordered affirmed.

Affirmed.