IRWIN ZEIDENBERG ET AL. *v.* GREYHOUND LINES, INC.

CIRCUIT COURT                    SIXTH CIRCUIT
FILE NO. CV 6-6410-17118

Memorandum filed January 27, 1965

*David B. Greenberg,* of New Haven, for the plaintiffs.

*Gerald P. Dwyer,* of New Haven, for the defendant.

Zarrilli, J. This is an action instituted by the plaintiffs against the defendant, a carrier engaged in interstate transportation, for damages arising out of the loss of baggage entrusted to it. The question presented to the court appears to be one of law as distinguished from a question of fact for the reason that the parties are in practical agreement as to what transpired between them, except, however, on the issues of notice and knowledge. The following recitation includes the facts found as to them.

On December 20, 1963, the plaintiffs, who were to be married on the following day, went to the terminal of the defendant in New Haven, Connecticut, to arrange for their passage to Swiftwater, Pennsylvania. They purchased two tickets. Upon the face of each there was a printed notation to the effect that the defendant's liability as a carrier engaged in transportation of passengers and baggage was determined by tariff regulations and limitations.

Without reading the printed matter appearing on the tickets, the plaintiffs then brought five pieces of luggage to the baggage office to be checked on their tickets. The attendant, employed by the defendant, gave them a separate check for each piece of luggage, bearing a number and a printed notation thereon indicating a limited recovery of $25 for the loss of baggage on each ticket unless a greater value was declared in writing by the passenger. Neither plaintiff read the printed matter appearing on the checks, nor did they declare in writing a greater value for their luggage, which in fact was

worth much more than the limited amount prescribed. They were not informed by anyone of the tariff schedule limiting the company's liability, and they had no actual knowledge of such limitation, notwithstanding that a notice to that effect was conspicuously posted on the wall next to the baggage office together with a copy of the tariff regulation. Also, a similar notice and a copy of the tariff regulation were tacked onto a large bulletin board situated on one of the walls in the waiting room. The tariff regulations, including the limitation of the defendant's liability, had been filed and approved by the public utilities commission of the state of Connecticut and the federal interstate commerce commission.

On December 22, 1963, they boarded a bus for Swiftwater, Pennsylvania, and upon arrival at their destination it was discovered that two of the bags were lost. Their combined value, including contents, amounts to $1047.50. There is no testimony in the record to indicate that the plaintiffs, or either of them, offered or intended to pay anything of value for the handling of their baggage.

Obviously, the baggage was left with the defendant for transportation in interstate commerce. Consequently, the rights and liabilities of the parties concerning the loss of it are governed by federal legislation as construed and applied in federal tribunals. *New York Cent. & H.R.R. Co.* v. *Beaham,* 242 U.S. 148; *Atchison, To. & S.F.R. Co.* v. *Robinson,* 233 U.S. 173. Moreover, the state courts are bound in controversies over loss of interstate baggage by the acts of Congress, the terms of transportation as fixed by the published tariffs on file with the interstate commerce commission, and the rules and decisions applied in federal courts. *New England Fruit & Produce Co.* v. *Hines,* 97 Conn. 225, 228; *Robidoux* v. *Chicago & N.W. Ry. Co.,* 113 Neb. 682.

The tariff regulations relating to baggage, filed and approved, clearly indicate that under the provisions of the Interstate Commerce Act (34 Stat. 593, as amended, 49 U.S.C. § 20[11]), as made applicable to motor carriers (49 Stat. 563, as amended, 49 U.S.C. § 319), a carrier may limit its liability for the loss or destruction of a passenger's baggage carried in interstate commerce. See *Continental Bus System, Inc.* v. *Ansel,* 253 S.W.2d 959 (Tex. Civ. App.). Therefore, the common-law liability of a common carrier as an insurer of the baggage of passengers may, as a rule, be limited by agreement embodied in the ticket, or other contract, or in stipulations or printed conditions in the ticket, or in regulations authorized by public service or utility commissions. See *New York Cent. & H.R.R. Co.* v. *Fraloff,* 100 U.S. 24; *Peninsula Transit Corporation* v. *Jacoby,* 181 Va. 697.

In the case of *Patton* v. *Pennsylvania Greyhound Lines,* 75 Ohio App. 100, 103, wherein the liability of the carrier was limited to $25 in a situation analogous to the one under consideration, the court held that such a limitation was effective only under certain circumstances, such as (1) a tariff filed and approved by the interstate commerce commission; (2) a printed notice of limitation on the baggage receipt and the passenger's ticket; (3) a posting of similar notices in the carrier's terminal; (4) affording an opportunity to the passenger to pay a larger fee for an increased risk; and (5) the passenger's failure to make any declaration of value. Tested by these controlling factors, it is found that the defendant herein has adequately and sufficiently met the requirements imposed upon it to justify a limitation of its liability on the facts as stated herein.

Although it has been found that the plaintiffs had no actual notice or knowledge of the federal act as

to limitation of liability, and no notice other than that which appeared on the face of the ticket, the matter printed on the baggage receipt, and the posted notices in the bus terminal, nevertheless, as passengers, they were chargeable with notice of the tariff and of any provisions of the public utilities commission of the state of Connecticut which affected the transportation of baggage. See *Boston & M.R.* v. *Hooker,* 233 U.S. 97, 110; *Nothnagle* v. *New York, N.H. & H.R. Co.,* 139 Conn. 278, 281; *Gardiner* v. *New York Cent. & H.R.R. Co.,* 201 N.Y. 387; *Peninsula Transit Corporation* v. *Jacoby,* supra. 14 Am. Jur. 2d, Carriers, § 1220. Nor do they avail anything from the fact that they did not read the printed matter appearing on the face of the tickets and the baggage receipts. As passengers, they were presumed to know the provisions of the filed and published tariffs, and they are presumed to have assented to the stipulation. *New York Cent. & H.R.R. Co.* v. *Beaham,* supra; *Kellett* v. *Alaga Coach Lines, Inc.,* 34 Ala. App. 152; *Cray* v. *Pennsylvania Greyhound Lines, Inc.,* 177 Pa. Super. 275.

Notwithstanding the finding herein that the actual value of the plaintiffs' baggage amounted to $1047.50, the limitation of the defendant's liability as established by the tariff regulations prevents them from recovering any amount in excess of the fixed sum of $25 on each ticket.

Judgment may enter for the plaintiffs to recover of the defendant the sum of $50 with taxable costs.