EBRAHIM SHIRAZI, Plaintiff and Respondent, v. THE GREYHOUND CORPORATION, Defendant and Appellant.

No. 10818.

Submitted February 15, 1965. Decided May 4, 1965.

401 P.2d 559.

Gene I. Brown (argued), Landoe & Gary, Bozeman, for defendant and appellant.

Robert M. Holter (argued), Holter & Heath, Bozeman, for plaintiff and respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

The plaintiff, Ebrahim Shirazi, brought an action in the district court of the eighteenth judicial district for the loss of certain luggage he had checked with the defendant Greyhound Corporation. The court, sitting without a jury, entered judgment in favor of the plaintiff for the sum of $680.00. The de-

fendant appealed alleging that its liability in this case was limited to $25.00.

The plaintiff is a citizen of Persia, Iran. He came to the United States in 1961 to attend school. He attended a school in Michigan where he learned to speak approximately 400 English words. Subsequently he enrolled at Montana State College in Bozeman, Montana. During the summer of 1962, the plaintiff journeyed to California. In order to return to Bozeman the plaintiff purchased a bus ticket from the defendant in San Francisco. He then traveled to Redding, California. At Redding, the plaintiff went to defendant's bus depot, checked his luggage and was given a baggage receipt. His luggage consisted of a suitcase and two pasteboard boxes. The pasteboard boxes arrived in Bozeman but the suitcase was lost.

The defendant had filed with the Interstate Commerce Commission a tariff which limited liability for lost baggage to the sum of $25.00 unless excess value was declared and a higher fare paid. At the time the plaintiff checked his luggage at the defendant's depot in Redding, there was posted at the baggage counter a printed notice that the defendant's liability for lost baggage was so limited. This same limitation of liability was also printed on the baggage receipt delivered to the plaintiff.

The lower court concluded: that the printed notice posted at the baggage counter was insufficient to inform the plaintiff of any limitation of liability for the reason plaintiff was unable to read or understand said notice; that the matter printed on the baggage check was not sufficient to inform the plaintiff of any limitation of liability because the same was not presented to the plaintiff until after his baggage was checked and in any event, the plaintiff was unable to read or understand the matter printed on said baggage check, and that the attempt by defendant to so limit its liability to $25.00 is unreasonable.

Questions relating to the limitation of liability by inter

state carriers for loss of baggage checked by passengers are governed by Federal law. (Vandenbergh v. Allied Van Lines, 137 Mont. 327, 351 P.2d 537; New York, N. H. & H. R. Co. v. Nothnagle, 346 U.S. 128, 73 S.Ct. 986, 97 L.Ed. 1500; Boston & Maine R. v. Hooker, 233 U.S. 97, 34 S.Ct. 526, 58 L.Ed. 868). In order to ascertain the Federal law in this area the applicable statutes and cases must be examined. Title 49, § 20 (11), U.S.C.A. of the Interstate Commerce Act provides:

"Any common carrier * * * receiving property for transportation * * * shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it * * *, and no contract, receipt, rule, regulations, or other limitation of any character whatsoever shall exempt such common carrier * * * from the liability imposed; * * * notwithstanding any limitation of liability or limitation of the amount of recovery or representation or agreement as to value in any such receipt or bill of lading, or in any contract, rule, regulation, or in any tariff filed with the Interstate Commerce Commission; and any such limitation, without respect to the manner or form in which it is sought to be made is declared to be unlawful and void: * * * *Provided, however,* That the provisions hereof respecting liability for full actual loss, damage, or injury, * * * shall not apply, first, to baggage carried on passenger trains or boats, or trains or boats carrying passengers; * * *."

Title 49, § 319 of the Interstate Commerce Act provides:

"The provisions of section 20(11) and (12) of this title * * * shall apply with respect to common carriers by motor vehicle with like force and effect as in the case of those persons to which such provisions are specifically applicable."

■ ■ Notwithstanding authority to the contrary (Neece v. Richmond Greyhound Lines, 246 N.C. 547, 99 S.E.2d 756, 68 A.L.R.2d 1341), it is the view of this court that section 319 of Title 49 extends the provisions of section 20(11) to baggage carried on motor vehicles or buses engaged in interstate com-

merce. This position is supported by ample authority from other jurisdictions. (Patton v. Pennsylvania Greyhound Lines, 75 Ohio App. 100, 60 N.E.2d 945; Cray v. Pennsylvania Greyhound Lines, 177 Pa.Super. 275, 110 A.2d 892; Argo v. Southeastern Greyhound Lines, 72 Ga.App. 309, 33 S.E.2d 730; Continental Bus System v. Ansel, (Texas 1952), 253 S.W.2d 959).

The conclusion that motor carriers may limit their liability for loss or damage to baggage brings us to the chief point of conflict, that is, whether under all the facts and circumstances peculiar to this case the limitation of liability by the defendant is binding upon the plaintiff. First, we must determine whether the plaintiff was given sufficient notice of the limitation. The rule that the shipper be given notice of the limitation of liability requires that he be given a fair and reasonable oportunity to discover the limitation. (New York, N. H. & H. R. Co. v. Nothnagle, supra.) It does not require actual knowledge of the limitation on the part of the passenger. (Cray v. Pennsylvania Greyhound Lines, supra; Kellett v. Alaga Coach Lines, 34 Ala.App. 152, 37 So.2d 137.) Both the Cray case and the Kellett case quote 13 C.J.S. Carriers § 877, p. 1706, as stating the applicable rule. It provides:

"Under the Interstate Commerce Act as amended carriers must include in the schedule of rates filed regulations affecting passenger's baggage and the limitations of liability; and where a regulation limiting liability is so filed it is binding on the carrier and on the passenger, even though the passenger has no knowledge thereof; and this rule applies, in respect of a limitation based on the value of the baggage, even though the carrier does not inquire as to value. The effect of permitting the carrier to file regulations as to the passenger's baggage which limit its liability except on payment of specified rates, is not to change the common-law rule that the carrier is an insurer of the safety of baggage against accidents not the act of God or the public enemy or the fault of the passenger, but the effect of such filing is to permit the carrier by such a regula-

tion to obtain commensurate compensation for the responsibility assumed."

Secoulsky v. Oceanic Steam Nav. Co., 223 Mass. 465, 112 N.E. 151, is a case in which the plaintiff exchanged a certificate for passage for a ticket to travel by way of steamship from England to the United States. The plaintiff was unable to read the limitation of liability printed on the ticket because he could not read the English language. The court stated that the fact he was unable to read or write of itself did not avoid the contract. It further declared:

"The plaintiff knew he could not embark or be cared for during the journey unless he obtained a ticket; and that the paper received in exchange for the certificate was a ticket; and it is of no consequence that before embarking he failed to acquaint himself with the contents."

Likewise, in the case before us, the plaintiff, Mr. Shirazi, knew that the baggage receipt presented to him by the defendant's agent was concerned with the transaction of checking and shipping his luggage. It was incumbent upon Mr. Shirazi, who knew of his own inability to read the English language, to acquaint himself with the contents of the ticket. It was not incumbent upon the defendant to discover the plaintiff's inability and then inform him of the limitation contained in the matter printed on the baggage receipt and on the notice posted at the baggage counter.

Also, the lower court's finding that the matter contained in the baggage receipt was not sufficient notice of the limitation of liability because the receipt was not presented to the plaintiff until after his baggage was checked, is error. As pointed out by the appellant there was no significant lapse of time between the checking of the baggage and the giving of the receipt. The two acts involved a single transaction. There was nothing to prevent the plaintiff from paying a higher fare for higher coverage even after the baggage receipt had been delivered to him.

The finding of the court below that it was unreasonable for the defendant to limit its liability to $25 is also error. If liability were limited to $25 without provision for obtaining greater coverage, the determination of the lower court may have been valid. However, plaintiff was given adequate notice of the opportunity to declare a higher value, pay a higher fare and obtain greater coverage. It seems only fair that the transportation company be allowed to require that the compensation paid bear a reasonable relation to the risk and responsibility assumed. The controlling factor, as seen by this court, in determining the validity of a regulation limiting liability for loss or damage to baggage is whether the shipper is given an opportunity to choose between rates on the basis of values tied to them. The plaintiff in this case had such an opportunity. (Kellett v. Alaga Coach Lines, supra.)

Further, in this regard, there is authority to the effect that if a regulation limiting liability is unreasonable it may be challenged only by proceedings contesting their reasonableness before the Interstate Commerce Commission. (Kellett v. Alaga Coach Lines, supra; Boston and Main R. v. Hooker, supra.)

The final argument of the plaintiff is that since defendant violated its tariff by accepting for transportation plaintiff's pasteboard boxes of books, it waived its limitation of liability and was responsible for the entire loss. The pasteboard boxes were checked along with the suitcase which was lost. The case of Neece v. Richmond Greyhound Lines, supra, has been cited by plaintiff in support of his final contention. In the Neece case, the carrier accepted a wardrobe bag in violation of a filed tariff. The wardrobe bag was lost and the court held the carrier to have waived its limitation of liability by violating its tariff. In the case now before us the pasteboard boxes, which were accepted in violation of the filed tariff, were delivered to the plaintiff. The suitcase, which was not in violation of the tariff was lost. This court is not now deciding what defendant's liability would be if the lost suitcase had

been accepted for carriage in violation of its filed tariff as that question is not before us. The decision of this court is that where baggage accepted for carriage in conformity with the tariff filed by the carrier is lost, an otherwise valid limitation of liability is not waived by the acceptance for carriage of other baggage in violation of the carrier's tariff and this baggage is not lost.

The judgment of the district court awarding the plaintiff $680 plus costs is reduced to $25 plus costs.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES DOYLE and JOHN C. HARRISON concur.