## MOSIER v. TINKER.

No. 16419—Opinion Filed April 20, 1926.

Rehearing Denied May 25, 1926.

### Appeal and Error—Review of Evidence in Equitable Action—Cancellation of Deed for Undue Influence

In an equitable action for cancellation of a deed because of alleged undue influence, where the grantee bears no fiduciary or trust relation to the grantor, no fraud is alleged or proved, and the deed is fair on its face, the burden of establishing undue influence rests on the one asserting it, and unless the finding is clearly against the weight of the evidence the decree of the trial court will be affirmed.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Edna Mosier, formerly Edna Tinker, against Lela B. Tinker for cancellation of quitclaim deed, to quiet title to certain lands, and for an accounting for rents and profits. Decree for defendant, and plaintiff brings error. Affirmed.

This action was commenced December 18, 1923, by plaintiff filing her petition in the district court of Osage county, wherein it was alleged, in substance, that on March 29, 1919, plaintiff executed to defendant her quitclaim deed to an undivided one-half interest in the lands of her deceased husband, and that at the time of the execution of said deed she was of the age of 14 years, 3 months, and 5 days, was of one-half Indian blood, of very limited education and wholly without business experience; that she had never before owned any real estate, had never seen the land she deeded, did not know its location, did not know its quantity, quality, or character, and did not know anything whatever of its value; that she was living at the home of her mother-in-law, the defendant, and that owing to the shock of her husband's recent death and of defendant's feeling of unfriendliness toward plaintiff she was greatly worried and grieved and incapable of realizing the consequences of deeding said land, and that it was unjust and inequitable in defendant to accept said deed under such circumstances.

A demurrer to this petition was by the court overruled, and defendant thereupon answered, denying all of the allegations of plaintiff's petition, and upon the issues thus framed the cause was tried to the court, resulting in a decree in favor of the defendant. After unsuccessful motion for new trial, plaintiff has brought the case here by

petition in error with case-made attached for review.

Byrd & Conyers, for plaintiff in error.

Frank T. McCoy and A. M. Widdows, for defendant in error.

Opinion by LOGSDON, C. Plaintiff relies upon four propositions thus stated in her brief:

"First. The plaintiff had not been legally married, and she was not otherwise qualified to make a deed to real estate.

"Second. The plaintiff was unduly influenced.

"Third. The relation of the parties and the circumstances are such that the burden is on the defendant to show the fairness of the transaction, and this she has failed to do.

"Fourth. There was no consideration."

As to the first proposition above stated, it may be disposed of by the mere statement that there was no allegation in plaintiff's petition setting up illegality of her marriage, and in fact such an allegation could not well have been incorporated in the petition, for the reason that it was by virtue of the marriage and the legal relation established thereby that plaintiff depended for the assertion of any rights in the estate of her deceased husband. No such contention as this was made in the trial court, and it is well settled by decisions of this court that where a question is not raised in the trial court nor presented to the trial court for determination, but is raised in this court for the first time, the same will not be considered and determined here. Hughes v. Kano, 68 Okla. 203, 173 Pac. 447; Washington v. Morton, 90 Okla. 142, 216 Pac. 457; Morgan v. Stevens, 101 Okla. 116, 223 Pac. 365.

Under the second proposition it is urged by plaintiff that she was unduly influenced to execute the deed in question by her mother-in-law, the instant defendant. It appears from the evidence that plaintiff and her husband had been married less than a week at the time he was killed. Upon his death plaintiff went to live in the home of her mother-in-law. It is not claimed by plaintiff that her mother-in-law, the instant defendant, ever at any time requested her to execute the deed in question, nor is it contended by plaintiff that her mother-in-law knew that she was going to execute it. The contention seems to be that there was a conspiracy between the mother-in-law and a lawyer named Comstock to induce the execution of the deed, and that Comstock was the one who exerted the influence on plaintiff which resulted in the execution and delivery of the deed. However, it is disclosed by the evidence that Comstock for a number of years had been the attorney for plaintiff's father, and that at the time of the transaction here involved he was not representing the mother-in-law, nor had he ever represented her, and in fact it is inferable from the testimony that the mother-in-law believed that Comstock had been in some manner indirectly responsible for the death of her son and that her feelings toward him were, therefore, exceedingly bitter. The mother-in-law's attorney was named Labadie, and the testimony shows that she was never in Comstock's office, at least not after the death of her son. Comstock was not called as a witness in the case. The burden of establishing undue influence rested upon the plaintiff, and it cannot be said as a matter of law that the finding of the trial court that no undue influence had been exerted is clearly against the weight of the evidence.

There is no merit in the third proposition, which asserts that the burden of proof rested upon the defendant to show fairness in the transaction. Plaintiff assailed a deed admittedly executed and acknowledged by her at the time of its execution, her mother-in-law, the instant defendant. occupied no fiduciary relation toward the plaintiff and occupied no position of trust or confidence which requires this court to scrutinize with suspicion any transaction occurring between the two. In fact, the testimony preserved in the record tends to show that there was a feeling of antagonism between plaintiff and defendant growing out of the death of defendant's son, and in the absence of proof of undue influence exerted, or in the absence of proof of mental deficiency on the part of the plaintiff, no burden rested upon the defendant to establish the fairness of a transaction evidenced by a deed fair on its face and admittedly executed. On the contrary, the burden rested at all times upon the plaintiff to establish by a fair preponderance of the evidence all of the material allegations contained in her petition.

There is no merit in the fourth proposition, for the reason that all of the testimony preserved in the record tends to show that no effort was made by the defendant at any time to secure the execution of this deed by plaintiff, but that, so far as defendant was concerned, the execution of the deed by plaintiff was entirely unknown until it was delivered to her. There can, therefore, be no idea of overreaching upon the question of consideration, and it is well settled in this state that mere inadequacy of consideration is not alone sufficient to justify the cancellation of a deed fair on its face. Turner v.

Turner, 31 Okla. 272, 121 Pac. 616; Miller v. Folsom, 49 Okla. 74, 149 Pac. 1185.

This being an equitable proceeding, the entire testimony preserved in the record has been carefully reviewed and considered for the purpose of determining whether under any view of the case this court can say as a matter of law that the findings and decree of the trial court are clearly against the weight of the evidence. This cannot be said. The judgment of the trial court is, therefore, in all things affirmed.

By the Court: It is so ordered.

Note.—See 4 C. J. p. 900 § 2869; 9 C. J. p. 1252 § 189; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81.