ALL AMERICAN BUS LINES, Inc., v. SCHUSTER.

No. 32416.   Jan. 27, 1948.

*189 P. 2d 412.*

George F. Short, Welcome D. Pierson, and John N. Singletary, all of Oklahoma City, for plaintiff in error.

Gilliland, Ogden, Withington, Shirk, & Vaught, of Oklahoma City, for defendant in error.

WELCH, J. Plaintiff, George Schuster, sued All American Bus Lines, Inc., a corporation, for damages for the loss of baggage. Plaintiff purchased a ticket at Los Angeles, Cal., over the bus line of the defendant to Oklahoma City, Okla., and at the time checked his suit case. The suit case was lost in transit.

Defendant's tariff schedule on file with the Interstate Commerce Commission was in force and provided in effect that the limit of liability for the loss of such an item of checked baggage was $25, unless a higher valuation was declared by the passenger and the additional fee paid for transportation of baggage of higher declared value.

When plaintiff checked his baggage he signed a form of "valuation of baggage," which in part read as follows:

"All property transported on tickets enumerated below as liability checks and for which this receipt to passenger is given is valued at not exceeding $25.00. In case of loss of or damage to such property claim will not be made for a greater amount, . . . No claim will be made because of delay in delivery. . . . Baggage referred to herein is to be transported in accordance with tariff regulations of all Amercian Bus Lines . . . . Baggage of excess value will be charged for subject to tariff regulations. Greater value may be declared at small additional cost. (Signed) Geo. Schuster."

Thereafter, upon the form there was inserted the information that the number of passengers was one, that the baggage had no excess weight nor any excess value charge, and there followed a notation of the number of plaintiff's ticket and the number of his baggage check, followed by notation that the baggage was checked to Oklahoma City and the form was then signed by the "check man" by his initials.

Upon trial the plaintiff admitted signing the valuation form, but gave testimony that the amount $25 was not inserted in the form when he signed it, nor did it then contain the number of ticket or baggage check.

In answer, and again upon trial, defendant tendered the plaintiff the sum of $25 as being the limit of its liability.

Plaintiff gave testimony that he was employed in California, and purchased a bus ticket and checked his suit case to Oklahoma City in furtherance of a planned vacation trip to Indiana. That upon his arrival in Oklahoma City he requested his baggage, but did not receive it and was told by the bus company agent that another bus would arrive later that day and late, at night and that his luggage might be on that one; that he went to the bus depot the next day to inquire of his luggage and was told by the man in charge that it ought to be in tomorrow and to come back the next day; that he stayed in Oklahoma City about twelve or fifteen

days in reliance upon these continued statements of the bus employee and then went on to Indiana. That his stay in Oklahoma City was for no other purpose than trying to find his bag. That his expense in staying in Oklahoma City was between $4 and $5 per day; that he remained in Indiana for two or three weeks and after some correspondence with the bus company returned to the bus depot in Oklahoma City and was there told that the bag was evidently lost.

Plaintiff gave further testimony concerning the bag and its contents and the value thereof and stated an amount in excess of $25.

Judgment was entered for the plaintiff and against the defendant for the sum of "$25.00 covering the declared liability on the value of the baggage in question, and for the further sum of $60.00 damages, being for 15 days at $4.00 per day, or a total recovery in the sum of $85.00." Defendant prosecutes this appeal.

Assignments of error are presented under two propositions:

"The trial court erred in entering judgment for an amount in excess of the specified sum set forth in the tariff filed in the office of the Interstate Commerce Commission, by the All American Bus Lines, as an interstate motor carrier, the rights and liabilities of the motor carrier being controlled entirely by the Interstate Commerce Act, and the Carrier's tariff schedule of rates and regulations, filed with the Interstate Commerce Commission.

"The judgment of the trial court for the sum of $60.00 damages in addition to the $25.00 provided for in the tariff filed in the office of the Interstate Commerce Commission by the defendant motor carrier is not sustained by sufficient evidence."

It is undisputed that the suit case in question was checked without declaration of its value and that plaintiff accepted a claim check therefor which provided "that baggage checked hereunder does not exceed $25.00 in value, . . ." and that such valuation limitation was in accord with the carrier's tariff schedule of rates and regulations filed with the Interstate Commerce Commission.

Defendant cites several Federal and state decisions to the effect that the rights and liabilities of interstate passengers and connecting motor carriers regarding loss of baggage are controlled by the Interstate Commerce Act, and that a passenger is limited in his recovery for the value of lost baggage to the amount specified in the tariff schedule filed with the Interstate Commerce Commission. Boston & Maine R. R. Co. v. Hooker, 233 U. S. 97, 34 S. Ct. 526, 58 L. Ed. 868, L. R. A. 1915B, 450; Galveston, H. & S. A. Ry. Co. v. Woodbury, 254 U. S. 357, 41 S. Ct. 114, 65 L. Ed. 301; Patton v. Penn. Greyhound Line, 75 Ohio App. 100, 60 N. E. 2d 945; Royalty v. Southeastern Greyhound Line, 75 Ohio App. 322, 62 N. E. 2d 200; Penn. Greyhound Lines v. Wells (D.C.) 41 Atl. 2d 837; Argo v. Southeastern Greyhound Lines (Ga.) 33 S. E. 2d 730; Campbell v. Tri-State Transit Co. (Miss.) 17 So. 2d 327; Peninsula Transit Corp. v. Jacoby, 181 Va. 697, 26 S. E. 2d 97; Missouri Pac. Transp. Co. v. Williams (Ark.) 182 S. W. 2d 762. This proposition appears well settled and we think it beyond question that the trial court was correct in limiting the amount of the defendant's liability for the value of the bag to $25.

Plaintiff presented evidence to the effect that in the rush of the loading of the bus he did not read the agreement signed by him in reference to valuation of the checked baggage nor read the claim check which contained a limitation of liability for the loss of the checked article.

Plaintiff's failure to read the limitation contained in the claim check does not excuse him from the legal effect of the limitation. Mo. Pac. Transp. Co. v. Williams (Ark.) supra; Boston & M. R. R. Co. v. Hooker (U.S.) supra.

In the Arkansas case the rule is stated as follows:

"A stipulation on parcel or baggage check, issued to bus passenger for safekeeping of her handbag at bus terminal, that bus company would not be responsible for loss of articles left in storage for any amount exceeding $25.00 became contract between passenger and such company, though passenger did not read, or have her attention called to stipulation, nor otherwise expressly assent thereto."

Where a party signs a written agreement, in the absence of false representation or fraud, he is bound by it, although ignorant of its contents. Rollison v. Muir, 163 Okla. 266, 21 P. 2d 1062, and Allis Chalmers Mfg. Co. v. Byers, 184 Okla. 475, 88 P. 2d 368.

Defendant urges that the cited cases, first above mentioned, are authority for the proposition that the trial court erred in entering judgment for an amount in excess of the specified sum set forth in the tariff schedule; that the limitations in the schedule extended to all liability of the defendant for the loss of luggage. We note that in each of these cases the action was for the value of the lost baggage. This court has held that the limitation of liability of a common carrier for loss of baggage shown in its published tariff schedule does not extend to damages sustained other than the value of the lost baggage. Kansas City, M. & O. Ry. Co. v. Fugatt, 47 Okla. 727, 150 P. 669; St. Louis-S. F. Ry. Co. v. Freeman, 82 Okla. 6, 198 P. 298. In this latter case, in the first paragraph of the syllabus, it was said:

"Where a railway company, by printed statements on its baggage checks and posted and published tariff, rates, schedules, and classifications, seeks to limit its liability to $100 for the value of baggage belonging to or checked for an adult passenger, it does not thereby relieve itself from liability for damages sustained by such passenger other than the value of the baggage."

It is probable that the trial court in the entry of judgment in the instant case was influenced by the rules announced in these last mentioned cases. In each of these cases the plaintiff was a traveling salesman and had checked sample cases as baggage. It was found from the evidence that the carrier knew the nature of the baggage and the business of the passenger when it accepted the sample cases for transportation under its duty as a common carrier of passengers for hire, and knew that if it did not make prompt delivery of the baggage at its destination that the plaintiff as such traveling salesman would suffer detriment and loss other than the value of the luggage, such as inability to make sales, loss of time in procuring other samples, etc.

Herein there was no evidence that the defendant bus company had any knowledge concerning the plaintiff passenger and his luggage at the time it accepted the luggage for transportation from which it might reasonably anticipate and expect that plaintiff would suffer other losses than the value of the bag upon its failure to deliver the luggage. It cannot be said that it was contemplated by the parties at the time the baggage was checked that upon failure of the defendant to make prompt delivery in Oklahoma City the defendant would pay plaintiff's living costs in Oklahoma City during any period of delay in making delivery or delay in making payment for the loss of the baggage. There is no contention that after plaintiff's arrival in Oklahoma City the defendant agreed to pay any expenses incurred by plaintiff while awaiting defendant's search for the baggage.

Although the defendant, upon daily inquiry by the plaintiff, held forth the prospect that the baggage might be delivered, nevertheless, plaintiff's stay in Oklahoma City, and the expenses he incurred incident thereto must be held in law to be his own voluntary act and deed for which defendant is not responsible. We cannot say his loss of time and his expenses incurred in Oklahoma City were losses naturally

flowing from the failure of defendant to deliver the baggage, or damages proximately caused thereby.

We find no basis for plaintiff's right to a recovery against the defendant for any amount in excess of the value of the lost luggage.

The judgment is reversed and the cause remanded, with directions to vacate that portion of the judgment in excess of the sum of $25.

HURST, C.J., DAVISON, V.C.J., and CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.