Tom S. BUMGARNER et al., Appellants,

v.

JOE BROWN COMPANY, Inc., a corporation, Appellee.

No. 8745.

United States Court of Appeals
Tenth Circuit.

April 24, 1967.

Ben T. Lampkin, Jr., and Edwin D. Abel, Oklahoma City, Okl. (Lampkin,

Wolfe & Sokolosky and Jerry Sokolosky, Oklahoma City, Okl., on the brief), for appellants.

William D. Curlee, Oklahoma City, Okl. (Lytle, Soule & Emery, Oklahoma City, Okl., on the brief), for appellee.

Before PICKETT, LEWIS and HICKEY, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

Appellants, plaintiffs below, seek relief from an adverse and summary judgment entered by the District Court for the Eastern District of Oklahoma. Claim is made that the case was not ripe for summary consideration and that the judgment is erroneous as a matter of law. We find no merit to either contention and affirm the judgment.

Appellants were employed as truck drivers by the appellee company and, by their amended complaint, made claim for alleged unpaid overtime wages due under the provisions of section 7 of the Fair Labor Standards Act, 29 U.S.C. § 207. The Company responded by way of motion for summary judgment, Rule 56(b), Fed.R.Civ.P., supported by an affidavit of the company's president which in substance alleged:

> That the Joe Brown Company, Inc. was engaged in the general cartage business as a contract and common carrier by motor vehicle; that at all pertinent times more than four per cent of the company's total revenues were derived from transportation moving directly in interstate commerce between the states of Oklahoma and Texas; that all of the plaintiff-employees were full-time employees and the assignments for such work were made indiscriminately to the company drivers; and that the company had never sought nor obtained a certificate of exemption under the Motor Carrier Act, 49 U.S.C. § 304.

The appellee company concluded a right to summary judgment under section 13(b) (1) of the Fair Labor Standards Act, 29 U.S.C. § 213(b) (1), which provides:

> "The provisions of section 207 of this title [section 7 of the Act] shall not apply with respect to—
> (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49."

In opposition to the motion for summary judgment, counsel for appellants filed his personal affidavit expressing his belief that the facts set forth in appellee's affidavit were not true and also stating his inability, from lack of knowledge, to set forth counter allegations of fact.

Appellants' counter-affidavit was clearly insufficient to dispute the factual allegations contained in appellee's affidavit. Neither conclusionary allegations nor general denials perpetuate an issue of fact under Rule 56, and if such undisputed facts effectively pierce the sham of false generality of claims, the case is ripe for summary disposition. Wagoner v. Mountain Savings & Loan Ass'n, 10 Cir., 311 F.2d 403; Dressler v. MV Sandpiper, 2 Cir., 331 F.2d 130, 132–135; Notes of the Advisory Committee on Rules, Rule 56 (e), 28 U.S.C.A. Nothing contained in Pollar v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed. 2d 458, is to the contrary and appellants' reliance thereon is misplaced.

Since appellants claim that they worked more than forty hours per week on many occasions, they were clearly entitled to relief under the Fair Labor Standards Act unless they were "exempt employees" under that Act. In granting summary judgment the trial court noted that such point of law had been directly considered and decided by the Supreme Court in Morris v. McComb, 332 U.S. 422, 68 S.Ct. 131, 92 L.Ed. 44, wherein against an almost identical factual background it was held that truck drivers directly engaged in hauling in interstate commerce, although such activity constituted but a small part of the employees' work and resulted in less than four per

cent of company revenue, were without remedy under the Fair Labor Standards Act for overtime pay. We agree that the decision is controlling here. Appellants assert that *Morris* is bad law, a claim that this court will not consider, and attempt to distinguish the case as applicable only when the *individual* drivers are engaged in interstate commerce, a fact not asserted in the affidavit of appellee. The case cannot be so distinguished either in reasoning or, apparently, in fact, for Mr. Justice Rutledge states in his dissent in *Morris* that the case "goes so far as to exclude from the Fair Labor Standards Act's protection at least two employees who made no trips in what petitioner regards as the interstate phase of his business." 332 U.S. at 440, 68 S.Ct. at 140.

The judgment is affirmed.