**Berwin THOMPSON, Plaintiff,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Defendant.**

**No. CIV-74-593-E.**

United States District Court,
W. D. Oklahoma.

Sept. 23, 1975.

---

Dennis C. Roberts, Oklahoma City, Okl., for plaintiff.

John M. Mee and Reid Robison, of Mc-Afee, Taft, Mark, Bond, Rucks & Woodruff, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

The question raised by defendant's motion for summary judgment is whether as a matter of law a plaintiff who alleges he was induced by misrepresentations to hold on to stock declining in value states no claim upon which relief can be granted.

Plaintiff's Complaint, alleging violations of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934, also asserts a claim for an alleged violation of the "Know your customer Rule" of the National Association of Securities Dealers. Defendant, in support of the motion for summary judgment, argued that it has been repeatedly held that violation of this rule does not give a right of action to a plaintiff in a civil damage action. Plaintiff in response concedes that this is so, but argues that the standard of conduct imposed by that rule is relevant to plaintiff's Section 10(b) claim.

Accordingly, summary judgment will be granted to the extent that the alleged violation of the "Know your customer Rule" was asserted as an independent

claim and the Court will proceed to a determination of the motion for summary judgment as it relates to the alleged violations of the Securities Acts.

■ The defendant, in arguing that no such claim is stated under either Section 17(a) of the Act of 1933 or Section 10(b) of the Act of 1934, relies primarily upon the Supreme Court's recent opinion in *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975), in which the Court reaffirmed what has come to be known as the *Birnbaum* rule. In *Blue Chip,* as defendant interprets it, the Court held that to have standing to sue for any injury due to an alleged misrepresentation the plaintiff must show that the alleged misrepresentation occurred *in connection with the purchase or sale of a security,* and necessarily that the plaintiff was the purchaser or seller of a security as a result of the misrepresentation. In *Blue Chip* the Court held that to expand the implied right of action for damages under Section 10(b) to allow one who never buys a security to have a claim would not only do violence to the language of the Act, but would encourage spurious and vexatious litigation. As alleged by plaintiff in the instant case, the only consequence of the alleged misrepresentation was that plaintiff *continued his position in National Patent stock.* Such allegation, defendant contends, is obviously not actionable.

Plaintiff's response is to distinguish *Blue Chip* on the ground no sale or purchase ever occurred on the facts therein. However, this Court believes that, in light of the reasoning of the Court in that opinion, the distinction is one without a difference. From the following pertinent statements by Mr. Justice Rehnquist, the Court concludes this case would fall within the scope of the *Blue Chip* holding:

"In 1957 and again in 1959, the Securities and Exchange Commission sought from Congress amendment of § 10(b) to change its wording from 'in connection with the purchase or sale or [sic of] any security' to 'in connection with the purchase or sale of, *or any attempt to purchase or sell,* [emphasis supplied by Mr. Justice Rehnquist] any security.' . . . Neither change was adopted by Congress." 421 U.S. at 732, 95 S.Ct. at 1924.

\* \* \* \* \* \*

"[W]e would by no means be understood as suggesting that we are able to divine from the language of § 10(b) the express 'intent of Congress' as to the contours of a private cause of action under Rule 10b–5. When we deal with private actions under Rule 10b–5, we deal with a judicial oak which has grown from little more than a legislative acorn. . . . It is therefore proper that we consider . . . what may be described as policy considerations . . . . 421 U.S. at 737, 95 S. Ct. at 1926.

"Three principal classes of potential plaintiffs are presently barred by the *Birnbaum* rule. . . . Second are actual shareholders in the issuer who allege that they decided not to sell their shares because of an unduly rosy representation or a failure to disclose unfavorable material. [This is the class into which plaintiff herein falls.] . . . 421 U.S. at 737–738, 95 S.Ct. at 1926.

"[M]any commentators . . . have taken the view that the *Birnbaum* limitation . . . is an arbitrary restriction which unreasonably prevents some deserving plaintiffs from recovering damages which have in fact been caused by violations of Rule 10b–5. . . . We have no doubt that this is indeed a disadvantage of the *Birnbaum* rule . . . . But we are of the opinion that there are countervailing advantages . . . . 421 U.S. at 738–739, 95 S.Ct. at 1926.

\*    \*    \*    \*    \*    \*

". . . In the absence of the *Birnbaum* doctrine, bystanders to the securities marketing process could await developments on the sidelines without risk, *claiming that inaccuracies in disclosure caused nonselling in a falling market* and that unduly pessimistic predictions by the issuer followed by a rising market caused them to allow retrospectively golden opportunities to pass. [Emphasis supplied by this Court.] 421 U.S. at 747, 95 S.Ct. at 1931.

". . . . In *Ultramares Corp. v. Touche,* 255 N.Y. 170, 174 N.E. 441, Chief Judge Cardozo observed with respect to 'a liability in an indeterminate amount for an indeterminate time to an indeterminate class' that:

"'The hazards of a business conducted on these terms are so extreme as to enkindle doubt whether a flaw may not exist in the implication of the duty that exposes to these consequences.' 174 N.E., at 444." 421 U.S. at 748, 95 S.Ct. at 1931.

Accordingly, the Court concludes that *Blue Chip* is controlling here.

It is ordered, That defendant's motion for summary judgment to the extent the same has reference to claims under the Securities Exchange Act of 1934 be and is hereby granted.

█ There remains the question whether plaintiff may assert a claim under Section 17(a) of the Securities Act of 1933. Defendant argues that the section was intended only to afford a basis for injunctive relief and, on a proper showing, criminal liability, and was not intended to provide a private right of action supplemental to the actions for damages provided by Sections 11 and 12 of that Act. Plaintiff in response has made no reference to the Section 17(a) claim

nor attempted to refute defendant's argument. The Court notes that this issue was left open in *Blue Chip*, Mr. Justice Rehnquist stating in a footnote: "We express, of course, no opinion on whether § 17(a) in light of the express civil remedies of the 1933 Act gives rise to an implied cause of action." 421 U.S. at 734.

One court recently confronted with the question has concluded that the section does afford a private cause of action. *Crowell v. Pittsburgh & Lake Erie Railroad Company,* 373 F.Supp. 1303, 1311 (E.D.Pa.1974). Two courts have recently forborne from resolving the issue as irrelevant in cases where claims were also asserted under the 1934 Act. *Schaefer v. First National Bank of Lincolnwood,* 509 F.2d 1287, 1293 (7th Cir. 1975); *Unicorn Field, Inc. v. Cannon Group, Inc.,* 60 F.R.D. 217, 224 (S.D.N.Y.1973). The latter case has been distinguished on the ground that claims under the 1934 Act were also asserted. *Reid v. Mann,* 381 F.Supp. 525 (N.D.Ill.1974). That court held that a "naked § 17(a) claim" does not give rise to any federal private right of action. At 528. Quite recently, the Court of Appeals for the Fourth Circuit has decided to the contrary. *Newman v. Prior,* 518 F.2d 97 (1975).

This Court determines that even if a private right of action under Section 17(a) does arise, for the Court to hold under the facts of this case that a claim may be asserted though neither a sale nor a purchase is involved in the acts complained of, and further may be asserted though the claim is grounded in defendant's negligent and allegedly unethical conduct, rather than knowing misrepresentations,[1] would be to interpret Section 17(a) in such a way as to stretch its flexibility beyond bounds. Accordingly,

It is ordered, that defendant's motion for summary judgment on the ground

---

1. Plaintiff complains that defendant encouraged him to liquidate, or did not discourage him from liquidating, less speculative stocks in his portfolio to meet maintenance calls. The Court notes that plaintiff concedes he has

been an active trader in securities for the past 25 years, and does not refute defendant's claim that he admitted, during his deposition, that he was advised and was aware the stock in question was highly speculative.

that plaintiff has failed to state a claim under the Securities Act of 1933 be and the same hereby is granted.

The remaining allegations in the Complaint, relating to alleged misrepresentations inducing the purchase of the stock in question, have apparently been abandoned. In any event, defendant's contentions refuting these allegations have not been answered. It is true that summary judgment "cannot serve as a substitute for the trial of cases and does not require the parties to dispose of litigation by the use of affidavits." *Harman v. Diversified Medical Investments Corporation,* 488 F.2d 111, 113 (10th Cir. 1973). However, the function of Rule 56 is to test whether there are disputed issues of fact to be tried, and conclusionary allegations do not perpetuate an issue of fact. *Bumgarner v. Joe Brown Company,* 376 F.2d 749 (10th Cir. 1967). There remaining no issues for trial, accordingly,

Defendant is directed to prepare the appropriate judgment.