Jim R. VAILS, d/b/a Vacuum Cleaner Clinics, Plaintiff,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Defendant.

No. CIV–79–966–D.

United States District Court, W. D. Oklahoma.

May 12, 1980.

---

H. C. Cooper and Jim Mauritson, Oklahoma City, Okl., for plaintiff.

Thomas J. Enis and Mary R. Whitten, Oklahoma City, Okl., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

DAUGHERTY, Chief Judge.

This action arises out of a contract to provide "Yellow Pages" directory advertising to Plaintiff by Defendant. Plaintiff asserts that on December 27, 1978, he entered into an agreement with Defendant whereby Defendant agreed to place certain advertising in the Yellow Pages of the 1979 Oklahoma City telephone directory. Portions of said advertising subsequently failed to appear in the 1979 directory, apparently through the negligence of Defendant's employees. It is asserted that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and amount in controversy.

Pursuant to Rule 56, Federal Rules of Civil Procedure, Defendant has filed herein a Motion for Summary Judgment supported by two affidavits and a Brief. Plaintiff has filed a Brief in opposition to said Motion and Defendant has replied thereto. This Court has held evidentiary hearings and heard arguments in connection with the instant Motion on March 24, 1980 and April 11, 1980.

In support of its Motion, Defendant contends that this matter is controlled by paragraph 4 of the contract entered into by the parties herein. Paragraph 4 of said contract reads:

"4. The applicant agrees that the Telephone Company shall not be liable for errors in or omissions of the directory advertising beyond the amount paid for the directory advertising omitted, or in which errors occur, for the issue life of directory involved."

Defendant further contends that as Plaintiff has not been billed for the omitted advertisement, Plaintiff is not entitled to any damages under the above contract provision.

Plaintiff agrees that the contract provision set out above would be controlling if valid. Plaintiff asserts, however, that summary judgment should not be granted in this case for the following reasons:

1. The contractual limitation of damages in this case is unconscionable, and evidence must be adduced on the issue of damages sustained by plaintiff by virtue of defendant's negligence;

2. The plaintiff was under economic durress [sic] . . . to execute the contract presented to him;

3. The defendant exercised undue influence over plaintiff by failing to disclose the existence of the contractual limitation of damages in the agreement presented for plaintiff's signature.

The Court notes at the outset that several cases similar to the instant action have upheld contract provisions which limit the liability of a telephone company for omissions in directory advertising. *See, e. g., Robinson Insurance & Real Estate, Inc. v. Southwestern Bell Telephone Co.,* 366 F.Supp. 307 (W.D.Ark.1973); *Holman v. Southwestern Bell Telephone Co.,* 358 F.Supp. 727 (D.Kan.1973); *Wheeler Stuckey, Inc. v. Southwestern Bell Telephone Co.,* 279 F.Supp. 712 (W.D.Okl.1967). The above cited cases held essentially that a telephone company could limit its liability for negligent omissions or errors in directory advertising so long as it does not seek immunity from gross negligence or wilful misconduct.

Defendant has submitted the affidavit of its business manager, Richard E. Marshall, in support of its contention that the error was due to ordinary negligence in entering Plaintiff's ad in Defendant's computer. Said affidavit also supports Defendant's contention that Plaintiff has not been billed for the omitted advertising. Plaintiff concedes that the omission of Plaintiff's ad was not due to gross negligence or wilful misconduct. Therefore, under the foregoing case law the limitation of liability clause is controlling herein on the issue of damages. *Robinson Insurance & Real Estate, Inc. v.*

*Southwestern Bell Telephone Co., supra; Holman v. Southwestern Bell Telephone Co., supra; Wheeler Stuckey, Inc. v. Southwestern Bell Telephone Co., supra.* Furthermore, in the case of *Wheeler Stuckey, Inc. v. Southwestern Bell Telephone Co., supra,* Judge Luther Eubanks of this Court upheld a contract provision identical to the one at issue in the instant case as a valid limitation on liability. However, Judge Eubanks refused to grant summary judgment as the plaintiff in the *Wheeler* case had paid for the omitted advertising holding that there was a material issue of fact concerning the amount of damages, although the damages could not exceed the amount paid for the advertising. In the instant case, admittedly Plaintiff has not been billed for the omitted advertising and therefore the amount of damages is not an issue.

■■■ Turning to Plaintiff's contention that the clause in question is unconscionable, it appears that this assertion is a question of law to be decided by the Court in light of the surrounding circumstances. *See* 12A Okl. Stat. 1971 § 2–302; *R. C. Craig Ltd. v. Ships of the Sea Inc.,* 345 F.Supp. 1066 (S.D.Ga.1972); *Barnes v. Helfenbein,* 548 P.2d 1014 (Okl.1976); 1 R. Anderson, *Uniform Commercial Code* § 2–302:20 at 406 (1970); 15 W. Jaeger, *Williston on Contracts* § 1763A at 217 (3d ed. 1972). Although the instant case concerns the sale of advertising and would not fall within the purview of the Uniform Commercial Code, which only controls the sale of goods, this Court has relied on Oklahoma's Uniform Commercial Code as persuasive authority of the proper procedure in a case of this nature. Furthermore, Plaintiff announced during the March 24, 1980 hearing that he was relying on 12A Okl. Stat. 1971 § 2–302 as supporting his claim of unconscionability. Therefore, this Court held a second evidentiary hearing on April 11, 1980 on the question of unconscionability. *See* 12A Okl. Stat. 1971 § 2–302(2); *Oak Distributing Co. v. Miller Brewing Co.,* 370 F.Supp. 889 (E.D.Mich.1973); 1 R. Anderson, *supra,* § 2–302:21. At said evidentiary hearing Plaintiff presented no evidence to support his claims of unconscionability, duress, or undue influence. Rather, Plaintiff relied on his Brief previously filed with this Court. However, Plaintiff's Brief in opposition to Defendant's Motion for Summary Judgment contains no evidence of unconscionability, duress, or undue influence. Thus, Plaintiff has presented no evidence of unconscionability although he was afforded ample opportunity to do so. Furthermore, the court in *Robinson Insurance & Real Estate, Inc. v. Southwestern Bell Telephone Co., supra,* specifically found a similar contract provision limiting liability for omissions in Yellow Page advertisements not to be unconscionable. Therefore, this Court finds Plaintiff's contention of unconscionability to be without merit as a matter of law.

As to the Plaintiff's contention that he entered into the contract under economic duress, it appears that this assertion is also a question of law. In *Jamestown Farmers Elevator, Inc. v. General Mills, Inc.,* 552 F.2d 1285 (Eighth Cir. 1977), the Eighth Circuit discussed the doctrine of economic duress as follows:

In *Production Credit Association of Minot v. Geving,* 218 N.W.2d 185 (1974), the Supreme Court of North Dakota discussed the doctrine of "business compulsion" or "economic duress[,]" *id.* at 195. That court, with respect to this doctrine, quoted with approval 25 Am.Jr.2d, *Duress and Undue Influence,* § 7, p. 363:

To constitute business compulsion there must be more than a mere threat which might possibly result in injury at some future time, such as a threat of injury to credit in the indefinite future. It must be such a threat that, in conjunction with other circumstances and business necessity, the party so coerced would fear a loss of business unless he entered into the contract as demanded. The pressure must be wrongful, and not all pressure is wrongful. 'Business compulsion' is not established merely by proof that consent was secured by the pressure of financial circumstances, or by the fact that one party insisted

upon a legal right and the other party yielded to such insistence. *·* * [*Id.* at 196.]

Whether particular facts are sufficient to constitute a defense of economic duress or business compulsion is a matter of law for the court, while the question of whether the facts alleged actually exist is a matter for the jury. *Oskey Gasoline & Oil Co. v. Continental Oil Co.*, 534 F.2d 1281, 1286 (8th Cir. 1976); *Production Credit Association of Minot v. Geving, supra*, 218 N.W.2d 195. The party claiming duress must show (1) that it involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of wrongful coercive acts of the other party. *Oskey Gasoline & Oil Co. v. Continental Oil, supra* at 1286; *W. R. Grimshaw Co. v. Nevil C. Withrow Co.*, 248 F.2d 896, 904 (8th Cir. 1957), *cert. denied*, 356 U.S. 912, 78 S.Ct. 669, 2 L.Ed.2d 585 (1958); Restatement, Second, Contracts §§ 317, 318 (Tent.Dr. No. 11, Apr. 15, 1976); Restatement, Contracts §§ 492, 493 (1932).

552 F.2d at 1290 (footnote omitted).

■ In the instant case, Plaintiff has presented no evidence supporting his claim of economic duress although this Court afforded him an opportunity to do so on April 11, 1980. Moreover, the undisputed facts in this case do not appear to be sufficient to constitute the defense of economic duress relied on by Plaintiff. Therefore, the Court determines that Plaintiff's contention of economic duress is without merit as a matter of law.

■ Plaintiff next contends that Defendant exercised undue influence over Plaintiff by failing to disclose the existence of the contractual limitation of damages in the agreement. If the Plaintiff is alleging undue influence to set aside the contract in question, then he must show not only that such influence existed and that it was exercised, but also that it was exercised effectively; that is, that it was the efficient cause in bringing about the contract in question. *See Bailey v. Lovin*, 202 Okl. 17,

209 P.2d 994 (1949). Furthermore, absent a fiduciary relationship or fraud, and where the contract is fair on its face, the burden of establishing undue influence is on the party asserting it. *See generally Mosier v. Tinker*, 118 Okl. 85, 246 P. 593 (1926). In the instant case, Plaintiff has presented no evidence that undue influence was exercised over Plaintiff by Defendant, although he was afforded two evidentiary hearings for that purpose. Plaintiff has presented only conclusory allegations in his Brief opposing summary judgment that such undue influence was exercised by Defendant. Conclusory allegations which are unsubstantiated, as in this case, do not create an issue of fact and are insufficient to oppose summary judgment. *See Stevens v. Barnard*, 512 F.2d 876 (Tenth Cir. 1975); *Citizens Environmental Council v. Volpe*, 484 F.2d 870 (Tenth Cir. 1973), *cert. denied*, 416 U.S. 936, 94 S.Ct. 1935, 40 L.Ed.2d 286 (1974); *Bumgarner v. Joe Brown Company*, 376 F.2d 749 (Tenth Cir. 1967), *cert. denied*, 389 U.S. 831, 88 S.Ct. 99, 19 L.Ed.2d 90 (1967); *Franke v. Midwestern Oklahoma Development Authority*, 428 F.Supp. 719 (W.D.Okl.1976); *Thompson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 401 F.Supp. 111 (W.D.Okl.1975).

■ Plaintiff, however, may be relying on a theory of concealment or fraud rather than undue influence. Plaintiff contends that Defendant made no disclosure to Plaintiff of the contractual limitations. Plaintiff has cited no authority which requires such a disclosure in business transactions of this kind. Furthermore, the contract in question signed by the Plaintiff was offered as evidence during the March 24, 1980 hearing and it reveals that such a disclosure was made therein to the Plaintiff. In this connection, it appears that the contract under consideration consists of several documents entitled "Application for Directory Advertising." These "Applications" were of two types, both of which contain clear disclosure provisions on their faces near the lines where Plaintiff signed the document. One of these disclosure provisions reads as follows:

"THE APPLICANT HEREBY REQUESTS THE TELEPHONE COMPANY TO INSERT THE ABOVE ITEMS OF ADVERTISING IN THE ABOVE NAMED DIRECTORY *SUBJECT TO THE TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF.*" (Emphasis added)

Similarly, the other disclosure provision provides in its entirety:

"APPLICATION IS *SUBJECT TO TERMS AND CONDITIONS ON BACK HEREOF.*" (Emphasis added).

The general rule of contract law is that in the absence of fraud, misrepresentation or deceit, one who executes a contract cannot avoid it on the grounds that he did not read it. *See N & D Fashions, Inc. v. DHJ Industries, Inc.*, 548 F.2d 722 (Eighth Cir. 1976); *Richardson Camera Co. v. United States*, 467 F.2d 491, 199 Ct.Cl. 657 (1972); *Jordan v. Hal-Miller Drilling Co.*, 203 F.2d 443 (Tenth Cir. 1953); *All American Bus Lines, Inc. v. Schuster*, 199 Okl. 628, 189 P.2d 412 (1948); *Allis Chalmers Mfg. Co. v. Byers*, 184 Okl. 475, 88 P.2d 368 (1939). In the *N & D Fashions, Inc.* case cited above, the contract provisions were on the back of the document signed and there was a similar statement above the signature line directing the signator to the reverse side for terms and conditions. The Eighth Circuit in that case held that a party "cannot avoid the effect of his written acceptance of a contract which expressly, above his signature on the face of the contract, incorporates the provisions on the reverse side of the document." *N & D Fashions, Inc. v. DHJ Industries, Inc., supra*, 548 F.2d at 727. In the instant case, the face of the contract directs the signer to the reverse side for the terms and conditions. Plaintiff signed the document and therefore could not miss this statement. If Plaintiff chooses to sign a document without reading it, he cannot avoid the same document on the grounds that the terms were not disclosed to him. Therefore, as Defendant is apparently under no legal duty to make such a disclosure of the individual terms, and as the location of the terms and conditions of the contract was clearly pointed out to Plaintiff if he desired to read them, the Court finds Plaintiff's third contention to be without merit as a matter of law.

Finally, during the March 24, 1980 hearing Plaintiff cited the case of *Woodburn v. Northwestern Bell Telephone Co.*, 275 N.W.2d 403 (Iowa 1979), as authority for his contention that the clause in question is not controlling on the amount of damages. In *Woodburn* the Supreme Court of Iowa held that the contractual limitation of liability provision similar to the limitation provision involved herein was controlling on the issue of damages. However, the case was remanded to determine whether the plaintiff had agreed to the terms by signing the contract as there was evidence that the plaintiff had not signed the contract and therefore had not assented to the limitation on liability. In the instant case there has never been any question as to whether Plaintiff signed the contract because the face of the contract in evidence before the Court discloses that Plaintiff did in fact sign the same.

In summary, Plaintiff has presented no evidence that the contract in question was unconscionable, entered into under economic duress, or that Defendant exercised undue influence over Plaintiff. Furthermore, identical provisions to the one in question have been consistently upheld as valid limitations of liability. *See, e. g., Robinson Insurance & Real Estate, Inc. v. Southwestern Bell Telephone Co., supra; Holman v. Southwestern Bell Telephone Co., supra; Wheeler Stuckey, Inc. v. Southwestern Bell Telephone Co., supra.* Therefore, as it appears that there are no genuine issues of material fact remaining in this case and that Defendant is entitled to judgment as a matter of law, the Court finds and concludes that Defendant's Motion for Summary Judgment should be granted. Rule 56, *supra; see, e. g., Carter v. Stanton*, 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bankers Trust Co. v. Transamerica Title Insurance Co.*, 594 F.2d 231 (Tenth Cir. 1979); *Harsha v. United States*, 590 F.2d 884

(Tenth Cir. 1979); *Madison v. Deseret Livestock Co.*, 574 F.2d 1027 (Tenth Cir. 1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.*, 561 F.2d 202 (Tenth Cir. 1977). Accordingly, Plaintiff's action should be dismissed and summary judgment should be entered to this effect.

It is so ordered.