Howard W. JOPLIN, d/b/a American
Research Pest Control Co.,
individually, Plaintiff-Appellant,

v.

SOUTHWESTERN BELL TELEPHONE
COMPANY, Defendant-Appellee.

Nos. 82–2336, 82–2337.

United States Court of Appeals,
Tenth Circuit.

Feb. 28, 1983.

Howard W. Joplin, pro se.

Mary R. Whitten, Oklahoma City, Okl., for defendant-appellee.

Before SETH, Chief Judge, and McKAY, Circuit Judge.

PER CURIAM.

This two-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of these appeals. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The causes are therefore ordered submitted without oral argument.

Plaintiff appeals from the district court's grant of summary judgment in favor of defendant (No. 82–2336). Plaintiff's appeal from the district court's denial of his motion for rehearing of the summary judgment order has been companioned with this appeal (No. 82–2337).

This action for breach of contract and defamation was originally filed in Oklahoma state court. The action was removed to the United States District Court for the Eastern District of Oklahoma on the basis of diversity of citizenship.

Plaintiff presented three claims for damages to the district court: (1) that defendant breached a contract executed in 1975 for display advertising in its 1975 greater Dallas telephone directory yellow pages by listing plaintiff's business name as "American Research Company" rather than as "American Research Pest Control Company;" (2) that defendant defamed plaintiff by erroneously referring a bill to a collection bureau in January of 1978 which had previously been paid by plaintiff; and (3) that defendant defamed plaintiff by filing a pleading with the district court that plaintiff's unavailability to discuss a pretrial memorandum was due to his apparent incarceration.

In granting defendant's motion for summary judgment, the district court found that the advertising contract in dispute specified that defendant's liability was limited to the amount paid for the advertisement. Furthermore, it was undisputed that the plaintiff did not pay for the advertisement. Since plaintiff would have no damages for breach of contract, defendant was entitled to summary judgment.

With regard to the alleged defamation arising from the referral of an unpaid bill

to a credit bureau for collection, the district court found that plaintiff had paid the bill but due to a posting error by defendant, plaintiff was not given credit for such payment. Because all actions took place in Oklahoma, the law of Oklahoma was applied. The district court held that the erroneous referral to the collection agency came within the qualified business privilege. In addition, the district court held that this defamation claim was precluded by the Oklahoma statute of limitations.

On the third claim, the district court held that the statement made by defendant regarding plaintiff's incarceration was privileged under Oklahoma law as a statement made in the course of judicial proceedings.

Fed.R.Civ.P. 56(c) states that summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ On appeal, plaintiff does not dispute the district court's recitation of the undisputed facts. Rather, the issues raised are questions of law. Plaintiff argues that because the contracts for display advertising were entered into in Texas and the breach occurred in Texas the district court should have applied Texas law. Plaintiff maintains that under Texas law the limitation of liability clause would not be upheld. We need not decide the conflict of laws issue, however, because the limitation of liability clause in question here has been upheld under both Texas law, *Faber v. Southwestern Bell Telephone Co.*, 155 F.Supp. 162 (S.D.Tex.1957); *Wade v. Southwestern Bell Telephone Co.*, 352 S.W.2d 460 (Tex. App.1961), and under Oklahoma law, *Vails v. Southwestern Bell Telephone Co.*, 504 F.Supp. 740 (W.D.Okla.1980); *Wheeler Stuckey, Inc. v. Southwestern Bell Telephone Co.*, 279 F.Supp. 712 (W.D.Okla. 1967). The district court correctly held that the defendant was entitled to summary judgment on the breach of contract issue.

■ With regard to the defamation action arising from the erroneous referral to the collection bureau, plaintiff admitted that he was aware of such referral in 1978. He brought the instant libel action on July 2, 1980, well over a year from the date of accrual of the action. Under Okla.Stat. Ann. tit. 12, § 95(4) (West 1971), an action for libel must be brought within one year after the cause of action has accrued. Therefore, the district court properly concluded that plaintiff's cause of action on this libel count was barred by the statute of limitations.

■ Plaintiff's second claim for libel arises from a statement made on July 21, 1981 in an affidavit by the attorney for defendant that in her attempts to contact plaintiff in order to arrive at a mutually agreeable pretrial memorandum, defendant's attorney discovered that plaintiff had filed a writ of habeas corpus seeking release from jail during that time. The district court found that this statement was a privileged communication and exempt from libel under Okla.Stat.Ann. tit. 12, § 1443.1 (West 1981) which provides:

> A. A privileged publication or communication is one made:
>
> First. In any legislative or judicial proceeding or any other proceeding authorized by law;
>
> . . . .
>
> B. No publication which under the section would be privileged shall be punishable as libel.

Clearly the statement made by defendant is protected by this statute and the district court's award of summary judgment was proper. Accordingly, we find no abuse of discretion in the district court's denial of plaintiff's motion for rehearing.

The judgments of the district court are affirmed. The mandates shall issue forthwith.